## McGEHEE'S ADM'R vs. GEORGE.

[BILL IN EQUITY TO ENJOIN SALE UNDER MORTGAGE.]

1. *Equitable relief against usury.*—Where a debtor borrows money at usurious interest, gives a mortgage or deed of trust to secure its payment, and afterwards comes into equity for relief, he will be required to pay the principal sum due, with legal interest thereon; but rests will not be allowed at each renewal of the debt, so as to convert the legal interest then due into principal.

APPEAL from the Chancery Court of Talladega. Heard before the Hon. JOHN FOSTER.

THE bill in this case was filed by John Henderson, as the administrator of Samuel C. McGehee, deceased, against Charles H. George; asking an injunction, to restrain the defendant from selling slaves under a power of sale contained in a mortgage given to him by said McGehee, on the ground of usury in the secured debt, and an account of the amount actually due on the mortgage debt. The defendant admitted the charge of usury, but not to the extent alleged in the bill; and he appended to his answer a statement of the debt, showing a balance of $1505 55 in his favor, on the 3d February, 1859. At the August term, 1860, on

motion to dissolve the injunction, the chancellor required the complainant to pay into court the sum of $1536, which was paid over to the defendant on his executing a refunding bond. At the February term, 1861, the cause was submitted for final decree, on the bill and answer; when the chancellor rendered a decree, dissolving the injunction as to $168 30 of the mortgage debt, and perpetuating it as to the residue; and his decree is now assigned as error by the complainant.

JOHN HENDERSON, for appellant.
McGHEE & BRADFORD, contra.

STONE, J.—The doctrine is too well settled to admit of further controversy, that when one who has made a usurious promise, comes into equity for relief, in a case in which he has, by his own voluntary act, deprived himself of the opportunity to appear and plead the usury in the character of defendant, he is required to pay the principal sum due, and legal interest thereon.—Hunt, Frowner, et al. v. Acre, Johnson, et al., 28 Ala. 580.

In the present case, Mr. McGehee executed a mortgage security, with power of sale; and he thus armed his creditor with the power to coerce the collection of his demand, without any resort to legal proceedings. Hence, to relieve himself of the usury, it becomes necessary for Mr. McGehee's personal representative to become the actor; and the rule above declared casts on him the duty of paying both principal and lawful interest.

The record inform us, that the debt, for the security of which the present mortgage was executed, was renewed one or more times; and in each instance, usurious interest was embraced in the body of the note. The chancellor, in adjusting the account, allowed rests to be made; and at each renewal, the lawful interest which had then accrued, was regarded as principal, bearing interest from that time. This is shown by the amount for which the decree was rendered.

In this we feel bound to hold that the chancellor erred. The usurious notes, while they were good and valid obligations for the principal sum due, are invalid, and cannot be enforced, for anything beyond that sum. They cannot be regarded as a renewal of the debt in such form as to sink the interest accrued, and constitute it a part of the principal. To allow them such operation, would be to enforce them for a sum beyond the principal.—Code, § 1523. True, the mortgage in such a case as this stands as a security for the principal and simple interest; but this rests on the fundamental principle of the court of chancery, which requires of a complainant that he shall do equity before he demands it at the hands of another.

The case of *Pearson v. Bailey*, 23 Ala. 537, was, in many of its features, like the present one. In that case, as in this, the original contract, and the subsequent renewals, were severally usurious; and the bill was filed by the mortgagor, to arrest the sale, and let in the defense of usury. The chancellor relieved the debtor from the payment of any sum beyond the principal and simple interest upon it; and this court affirmed the decree,—remarking that the mortgage itself was tainted with usury, and could not be allowed to stand as a security for any more than the balance really due of the original debt, and eight *per centum per annum* interest thereon. This case seems precisely in point with the present, and is conclusive of it.—See, also, *Eslava v. Lepretre*, 21 Ala. 530; *Gray v. Brown*, 22 Ala. 273.

In the final decree, the chancellor dissolved the injunction as to the sum of $168 30, and perpetuated it as to the residue of the demand. By a prior decretal order, the complainant had been required to pay $1536. Computing simple interest on the sum actually due, untainted with usury, as we gather the same from the pleadings, we find that the chancellor's decree required of the complainant the payment of some twenty-two dollars more than was due. The injunction should have been dissolved for $146 30, and perpetuated as to the balance. We reverse

the decree of the chancellor, and here render a final decree in the cause, for the correct amount as stated above; the cost of this court to be paid by the appellee.