# Blum & Co. *v.* Mitchell.

### *Injunction.*

1. *The consideration of a written instrument may be inquired into.*—The consideration of a bond, bill, note or other written evidence of debt, whether it is silent as to, or expresses, the particular consideration, is, in respect to the consideration, open to inquiry, and parol evidence may be received to explain, or to qualify, or to contradict any recital of consideration it may contain.

2. *A presumption in favor of the truth of the writing arises from lapse of time.*—But if a party deliberately, and with a full knowledge of its contents, voluntarily executes an instrument in writing, and acquiesces in its statements for several years, and so acts as to induce the holder thereof to rest in security upon the validity of the contract, a strong presumption arises that the writing speaks the truth, and this can be repelled only by satisfactory evidence.

3. *An answer not verified by oath is a mere pleading.*—An answer to a bill in equity, not verified by oath, must stand as a mere pleading, and should not otherwise be construed. Any admissions it may contain would be evidence for the complainant; and if its statements of matters of defence varied from the evidence, the evidence would be inadmissible, because there would be no pleading to authorize its introduction.

4. *Discrepancies between an answer and the depositions of a defendant do not necessarily affect his credibility.*—Discrepancies between the allegations of a defendant's answer, not sworn to, and his depositions, do not necessarily affect his credibility or lessen the force of his evidence.

5. *The mortgagee is chargeable with rents from the time of entry into possession.*—When a mortgagor files a bill to redeem the premises in the possession of the mortgagee, the latter is chargeable with the actual rents and profits received by him from the time he entered into possession, and credited with the annual taxes on the property he may have paid; the balance remaining each year should be applied, first, to the extinguishment of the interest on the mortgage debt, and the remainder, if any, to the principal.

6. *The mortgagor seeking to redeem must pay costs.*—The general rule is, that a mortgagor coming in to redeem must pay costs.

APPEAL from the Chancery Court of Montgomery.

Heard before the Hon. HURIOSCO AUSTILL.

D. C. Mitchell and Mrs. Mary F. Leak intermarried in December, 1874, and on the 15th of March, 1876, they filed a bill of complaint in the Chancery Court of Montgomery county against E. Blum & Co., to enjoin them from foreclosing a mortgage executed by Mary F. Leak on the second day of February, 1870. The other facts appear in the opinion.

SAYRE & GRAVES, for appellants.

BLAKEY & FERGUSON, for appellee.

BRICKELL, C. J.—The undisputed facts of this case, are, that on the second day of February, 1870, the appellee executed to the appellant a mortgage of real estate to secure the payment of a promissory note, which is copied into the mortgage, and recites that its consideration was an advance made by the appellant to aid the appellee in growing a crop. The note matured—the law day of the mortgage expired, and the appellee voluntarily quit the possession of the premises; the appellant immediately entering without objection from the appellee, and remained in quiet and undisputed possession, until March, 1876, when he is proceeding to foreclose by a sale in pursuance of a power contained in the mortgage, and this bill is filed. There has been no previous complaint by the appellee of unfairness in the transaction, or of a want or failure of consideration, partial or total, for the mortgage debt. The averments of the bill are, that the mortgage debt, except as to the sum of one hundred and fifty dollars, is without consideration, and that the remainder of it, five hundred and eight 50-100 dollars, was intended to cover a debt which the appellant falsely pretended to be due him from her deceased husband. Relief against this debt, which by the misrepresentation of the appellant she was induced to embrace in the note, is the primary object of the bill. Whether she was aware of the fraud, and of the misrepresentation, at the time of giving the note and executing the mortgage, which seem to have been cotemporaneous; or whether it was subsequently discovered, and if so, when and how, are matters of which the bill and the evidence fail to give us any information. It is averred in the bill, however, that there had been a settlement of all the transactions of her deceased husband with the appellant, and that he had before the making of the note and mortgage paid her a balance remaining in his hands after closing all such transactions. This fact ought at once to have put her on the inquiry, and excited her suspicions as to the truth of the representation. These undisputed facts of necessity raise inferences and presumptions against the case presented by the bill which ought to be removed by clear and convincing evidence.

No relation existed which gave the appellant any controlling influence over the appellee, or from which it can be supposed she reposed in him any greater or other confidence, than she would have extended to any person with whom she was dealing. It is out of the course of ordinary dealing, that one person without inquiry, and without examination, and without knowledge, yet with the means and opportunities of

[Blum & Co. v. Mitchell.]

inquiry, and of examination, and of acquiring knowledge, should accept the mere assertion of another, that he was under a liability to him, and act on that assertion to the extent not only of admitting that liability, but enter into a written promise to pay it, the writing expressing another and wholly different consideration. And proceeding further, should execute a mortgage to secure the debt; and for six years, during the greater part of which the mortgaged premises are held adversely, should acquiesce in the validity and fairness of the transaction. The consideration of a bond, bill, note or other written evidence of debt, whether it is silent as to, or expresses the particular consideration, is in respect to the consideration open to inquiry, and parol evidence may be received to explain, or to qualify, or to contradict any recital of consideration it may contain. The presumption necessarily arises however, that when parties deliberately, and with full knowledge of the contents, voluntarily execute a writing declaring a particular consideration, that the writing speaks the truth, and this presumption must be repelled by satisfactory evidence by the party gainsaying it. The presumption increases in strength, if the party impeaching it, has acquiesced for an unreasonable length of time in the truth of its statements, and has acted on, and induced the other party to rest in security on the validity of the contract. These natural presumptions, it is of greater importance now to consider, since parties are allowed to testify as witnesses, and the direct evidence is most often in irreconcilable conflict. The real truth, can be evolved oftener by a consideration of their conduct *ante litem motam*, than of their words as witnesses in hostile litigation. There is no explanation of the conduct of the appellee—of her voluntarily quitting of the premises—of her acquiescence in the possession by the appellant—of her long delay in seeking relief against the contract into the making of which, as she avers, she was induced by fraud and misrepresentation, she had full opportunity of detecting, at the time of entering into the contract—a fraud and misrepresentation she ought to have suspected immediately, from the fact of the previous settlement of the dealings of her husband, on which a balance was found due him, and paid to her by the appellant.

If we concede her testimony now proves the consideration misrecited in the note and mortgage, and that as to the larger part of the note it is without consideration, and she was induced to give it and the mortgage by the misrepresentation of the appellee, her evidence must be taken with the presumptions against it to which we have referred. These pre-

sumptions operate not only against the weight of her evidence, but they tend to corroborate the evidence of the appellee, which is consistent with the writings, and with the conduct of the parties. The deposition of Loeb, confirms the evidence of the appellee, and he is free from interest in the transaction. Nor do we think the discrepancies which are supposed to exist between the answer and the deposition of the appellee, are such as to affect his credibility, or lessen the force of his evidence. The answer is not under oath, the appellee having waived a sworn answer, and is not entitled to any more weight as evidence than the bill.—Code of 1876, § 3762. It stands a mere pleading, and should not be otherwise considered. Any admission it may contain, would be evidence for the complainant, and if its statements of matters of defence varied from the evidence, the evidence would be inadmissible for the want of pleading to support it. It must not be scanned however with the same jealousy as if it was under oath, evidence for the defendant, and discrepancies in its statements, and the evidence of the respondent, not rendering the evidence inadmissible, should not be more regarded than similar discrepancies in a bill, and the evidence of the complainant. The discrepancy in the answer and the evidence is not that the mortgage debt was not founded on a present consideration moving to the appellee from the appellant in money loaned or advanced, but rather in the uses to which the appellee said she intended to apply the money loaned. Such a discrepancy should not weigh against the testimony of the respondent corroborated as it is by the writings and by the evidence of an unimpeached witness.

Though the appellee is not entitled to relief, because of fraud, or a want of consideration for the mortgage debt, she is entitled to redeem, and the bill contains the averments necessary to entitle her to a decree for redemption. If redemption is claimed, the appellant should be charged with the actual rents and profits received by him, from the time he entered into possession, and credited with the annual taxes on the premises he may have paid; the balance remaining each year, should be applied first to the extinguishment of the interest on the mortgage debt, and the remainder if any to the principal. The costs should be charged against the appellee. The general rule is, that a mortgagor coming in to redeem must pay costs.—*May v. Eastin*, 2 Port. 414. We find nothing in the record, to take this case without the rule.

The decree of the chancellor is reversed and the cause remanded.