PHILIPS v. GEPHART ET AL.

1. **Usury:** JUDGMENT: RES ADJUDICATA. The validity of a judgment, unless collusive and obtained with intent to cover usury, cannot be questioned by a party or privy thereto on the ground that the cause of action upon which it was rendered was usurious.

2. ———: WHEN PAID: DEFENSE. Usury once paid cannot be recovered back, nor can usury in one contract be set up as a defense to another not connected with, or growing out of, the first.

*Appeal from Tama District Court.*

THURSDAY, APRIL 22.

ACTION upon two promissory notes. There was a verdict and judgment for defendants. Plaintiff appeals. The facts of the case are stated in the opinion.

*Ebersole & Willett*, for appellant.

*C. B. Bradshaw*, for appellee.

BECK, J.—I. The defense pleaded to the action is usury. It is shown in the answer that the notes sued upon were given for the balance due upon a judgment against defendant Gephart, in favor of plaintiff, rendered upon a promissory note; that upon this note before the judgment was rendered, and upon the judgment, usurious interest was contracted for and paid, and that a part of such usury was paid by the execution of promissory notes upon which judgments were rendered that were afterward paid by defendant.

The evidence tended to prove the allegations of the answer. It was further shown that defendant executed another note to plaintiff for $220, which was also subject to an agreement for unlawful interest. This note was fully paid at the time the notes in suit were executed. Certain notes for the usurious interest were executed, and. whether they covered the usury in the last mentioned note is a matter of controversy. Upon this point the evidence is not clear, and the jury could well have found either way.

II. The court, against plaintiff's objection, admitted evidence tending to show that unlawful interest had been contracted for and paid upon the note, before judgment thereon was rendered, and instructed the jury in effect that defendant is entitled to credit upon the notes in suit, for any usurious interest paid upon the first note before the judgment thereon was rendered. These rulings are erroneous. The judgment, unless collusive and obtained with intent to cover usury, is, as between the privies, conclusive of all matters pertaining to the right of action of the plaintiff therein, or of defenses which were pleaded, or could have been pleaded, by defendant. All these are *res adjudicatæ*, and the parties are forever estopped to litigate the questions anew. The judgment is a verity and

1. USURY: judgment: res adjudicata.

the defendant is absolutely bound by it. These are elementary principles, of daily application in the courts. The judgment in this case became the foundation and consideration of the note in suit. Its validity cannot be questioned, nor can any infirmity in the plaintiff's cause of action therein be shown to defeat recovery upon the note. It has been held that a contract for securing the payment of a judgment cannot be avoided upon the ground that the contract upon which the judgment was entered was usurious. *Thatcher v. Gammond*, 12 Mass., 268; *Pearce v. Barstow*, 9 Mass., 45.

III. Usury once paid cannot be recovered back. *Quinn v. Boynton*, 40 Iowa, 304. Neither can a party be allowed to set up usury in one contract, as a defense to an-2. ——: when other not connected with, or growing out of, the paid defense. first. If in separate transactions two notes were given, both usurious, and one is paid, the unlawful interest thus paid cannot be pleaded in an action upon the note remaining unpaid. This rule is admitted by defendants' counsel; it is doubtless correct.

In the case before us, it was a question of fact whether certain payments of usurious interest were made upon the judgment, or the note for $220. As we have stated, the jury could well have found either way. We think that the jury may have understood the third instruction to be in conflict with this rule. It announces, in general terms, that the defendants are entitled in this action to credit for the sums set up in the answer, if the jury should find they were paid upon a contract for unlawful interest. The language of the instruction ought to have been so qualified as to limit its application to usury paid upon the notes in suit.

For the errors pointed out, the judgment of the District Court is

REVERSED.