# Bradford *v.* Daniel.

*Detinue for Mule.*

| 65 | 133 |
| 100 | 467 |
| 65 | 133 |
| 111 | 477 |

1. *Usury; when available as defense.*—A usurious contract " can not be enforced except as to the principal," and judgment must be rendered for the balance due after deducting all payments of interest (Code, § 2092); but the statute applies only to actions on such contracts, and does not include actions for the recovery of specific property, where the contract is collaterally introduced as a muniment of title.

2. *Same; how pleaded.*—In an action on a usurious contract, the defense of usury must be specially pleaded, and is not available under the general issue.

3. *Same; whether available at law or in equity.*—"Whether the defense of usury, in a case of this character " (an action for the recovery of specific property conditionally sold by plaintiff to defendant, a promissory note being taken for the agreed price and for money lent), " can be presented by a special plea setting forth the facts, or whether the defendant must resort to equity for relief," is a question not presented by the record.

4. *Relevancy of evidence as to party's ill health when signing contract.*—When the defendant admits the execution of the written contract on which plaintiff's right of action is founded, evidence of the fact " that he was quite sick " at the time it was executed is irrelevant and inadmissible.

APPEAL from the Circuit Court of Macon.
Tried before the Hon. JAMES E. COBB.

S. B. PAINE, for appellant.

W. C. BREWER, *contra.*

SOMERVILLE, J.—This was an action of *detinue*, brought by the appellant, against the appellee, for a mule; and the only plea of the defendant, in the court below, was *non detinet.* A written contract was introduced to show title, which provided that " the mule is to be Bradford's " (the appellant's) " until paid for." Its consideration was borrowed money, and the mule in controversy in this action.

The testimony of Daniel, showing that the contract was *usurious*, though offered in connection with evidence of payments made by him on the debt, was improperly admitted. Section 2092 of the Code (1876) does not vitiate usurious contracts, further than to declare that they " *cannot be enforced*, except as to the principal;" and to prescribe that, " if any interest has been paid, the same must be deducted from the principal, and judgment rendered for the balance only." This section applies to suits on such contracts, and not to actions for the specific property, when the contract is

[Jones v. Reese.]

collaterally introduced as a muniment of title. There is no attempt here to enforce the contract, within the meaning of the statute. Even had an action been brought on the contract, the defense of *usury* was not admissible under the general issue, but should have been specially pleaded. *Munter & Faber v. Linn*, 61 Ala. 492 ; *Frank v. Morris*, 11 Amer. Rep. 4 (57 Ill. 138) ; Code (1876), § 3010.

Whether the defense of usury, in a case of this character, can be presented by a special plea, setting forth the facts, or whether the defendant is compelled to resort to a court of equity, is a question that is not presented for our decision by the record,—*McGehee's Adm'r v. George*, 38 Ala. 323.

The court erred in admitting the statement of Miss Daniel, that the appellee "was quite sick" when the contract was executed. It was clearly irrelevant to the issue, if offered to prove that defendant never executed the written agreement introduced by plaintiff in evidence. Defendant had admitted his signature to this document, and the fact that he was sick when it was executed was not pertinent.

Reversed and remanded.