CHAUNCEY A. LAKE

*v.*

MILNER BROWN *et al.*

| 116 | 83 |
| 166 | 586 |

| 116 | 83 |
| 93a | ¹356 |

| ,116 | 83 |
| 195 | ¹350 |

*Filed at Ottawa January 25, 1886.*

1. USURY—*recovery back after payment by sale of property.* If a debtor voluntarily pays a debt tainted with usury, his remedy to recover back the usurious interest, or obtain any other relief on account thereof, is gone. So if he allows payment of such debt and usury by the sale of his land under a power in a trust deed, he can have no relief as against any usury thereby paid.

2. TRUSTEE—DEED OF TRUST *to secure a debt—of a provision in the deed for the appointment of a new trustee.* The author of a trust has full power to provide for the appointment of a successor in trust, in case the original trustee or trustees shall refuse to act, die, remove into a foreign jurisdiction, or be removed by some court.

3. In this case a debtor conveyed land to A in trust, to secure an indebtedness to B, and the trust deed empowered the trustee to sell the premises upon default of payment, and provided that in case of the death of the trustee, or in case he should decline to act in making sale of the premises as thereinbefore provided, then the said B, (the *cestui que use,*) or the legal holder of the note or notes secured, should have the option of substituting any other person in his stead, and that the acts and doings of the party so substituted should be as binding and valid as if done by the trustee named in the deed. Afterward, A, by a formal writing, duly acknowledged, declined to act, and B, by another writing, duly executed and acknowledged, appointed C as trustee in the place of A, and C made sale of the premises under the power in the trust deed: *Held,* that C was clothed with all the power to make the sale that A originally was invested with.

4. SAME—*effect of not indorsing proceeds of sale on note.* Although the proceeds of the sale of land under a trust deed are not indorsed on the note secured, that is no ground for setting aside the sale. Such sale merely amounts to a payment on the debt of the surplus realized after payment of costs. Its indorsement on the note is but evidence of the payment.

5. SAME—*sale under trust deed—subsequent arrangement between debtor and creditor, the latter being the purchaser.* On sale under a trust deed, the property was struck off and sold to the holder of the debt thereby secured, for $500 less than the sum due thereon. Pending suit by the purchaser for the possession of the premises, the debtor paid him $300, and a written agreement was entered into, that if the debtor did not, by the next term of the court, pay all taxes on the land and pay the purchaser $300 in addi-

tion to $100 then paid, the $400 paid should be retained by the purchaser in full payment of the balance due him on his original debt. The debtor failed to comply with this latter agreement: *Held*, that the creditor, under such agreement, had the right to retain the $400, and that the right of the debtor to any relief from the sale on account of it, if he ever had any, was gone.

6. ACKNOWLEDGMENT AND PROOF *of instruments relating to land—to what instruments the statute applies.* The statute (section 21 of the Conveyance act, and other sections,) making "deeds * * * and other writings of or relating to the sale, conveyance or other disposition of real estate, or any interest therein, whereby the rights of any person may be affected in law or in·equity, when acknowledged or proven before certain named officers, ·evidence, without further proof," is broad enough to embrace, and does embrace, an instrument in writing whereby a trustee named in a deed of trust with power to sell land, declines to act, or an instrument in writing appointing his successor.

7. PRACTICE—*time to object—as to want of proof of execution of instrument.* A party can not be permitted to remain silent when an instrument pertinent to the case is offered in evidence, and afterward object that proof was not made of its execution. The objection should be made in time to afford an opportunity of supplying the requisite preliminary evidence.

APPEAL from the Appellate Court for the Second District; —heard in that court on appeal from the Circuit Court of Kankakee county; the Hon. O. T. REEVES, Judge, presiding.

The appellant, Lake, on the 16th of July, 1881, filed his bill in the circuit court of Kankakee county, against Milner Brown, one of the appellees, to redeem the premises therein mentioned, from a sale thereof, under a deed of trust given by Lake to John Magoun, as trustee, to secure to Brown one principal note of .$2000, payable in five years, and ten semi-annual interest notes of $100 each, alleging as ground for redeeming, usury; that Burr, who had been substituted by the *cestui que use* as trustee in place of Magoun, was wrongfully so substituted, and therefore had no right to make the sale, and that Brown, after the sale, had accepted of complainant, on his indebtedness, on December 10, 1877, $210, and on January 2, 1878, $90, and had thereby waived the sale. Summons was served on Brown, December 3, 1881. On March 6, 1882, appellant filed an amendment to his bill,

charging that Brown fraudulently conveyed the land to one Thomas Dailey, by deed dated August 19, 1881, and that Dailey had executed a mortgage to one George V. Huling, on the 17th of September, 1881, for $1600. This deed and mortgage are asked to be set aside. Dailey and Huling are made parties, and served with summons March 23, 1882. The trust deed was given July 3, 1872. The sale under it was first advertised to take place on the 9th of September, 1877, but at request of appellant, and upon his paying $20, the cost of re-advertising, it was postponed to October 9, 1877, when the premises were sold to Brown, appellee, for $2160, to whom Burr, the substituted trustee, made a deed. Brown obtained possession of the land by proceeding in forcible detainer, and when he sold to Dailey, turned it over to him. An account is asked of the rents and profits. Dailey entered into a contract of purchase of the land with Brown, July 15, 1881, by which he was to give Brown $2400 for it, and paid $850 down at the time,—$800 of it being on the land, and $50 for commissions to a party who had negotiated the sale. At the time he made this purchase, he had no notice, by *lis pendens* or otherwise, that Lake any longer claimed any interest in the land. On the contrary, in a conversation he had with appellant before the purchase, he asked him if it was a fact that Brown had offered him the land back for $400 or $500 less than he owed on it, to which appellant replied: "What in hell do I want with that land. I have sunk $15,000 in that farm, and what do I want with it. When they have sunk as much money in it as I have, then I will be satisfied." Dailey, when he received his deed, on the 17th day of September, 1881, and paid the balance of the purchase money, was personally notified by Huling, of whom he borrowed the money, of the pendency of the suit The amount bid by Brown at the sale did not, after deducting the costs and expenses of the sale, pay him his indebtedness, by over $500.

While the action of forcible detainer was pending on appeal in the circuit court of Kankakee county, appellant and Brown entered into a written agreement, reciting the execution of the deed of trust, the sale under it, the payment by Lake to Brown of the two sums amounting to $300, and of $100 more on the execution of the agreement, and by which it was agreed to let the forcible detainer suit be continued, and that if Lake should pay Brown an additional sum of $300 on or before the first day of the next term of court, and all taxes and the costs of the suit, the sale might be set aside and cancelled and the trust deed remain in force, and the amount due Brown, secured by it, to be $2000, and no more, but if Lake failed to pay the $300 additional, then Brown should retain the $400, in full payment of the balance due him, and have the right to proceed with his suit for the possession of the land. Lake did not pay this $300, and Brown, at the April term, 1879, obtained judgment in his forcible detainer suit against him for the possession of the land.

The case was heard before O. T. Reeves, J., at the January term, 1884, upon bills, answers, replications, exhibits and evidence, who found the equities to be with the defendants, and dismissed the bill. This decree was affirmed by the Appellate Court for the Second District, and is brought by complainant, Lake, to this court by appeal.

Mr. C. A. Lake, *pro se:*

*Laches* does not estop, and no length of time will bar the right of redemption when there is fraud or usury. *Marks* v. *Pell*, 1 Johns. Ch. 594.

Time can not be treated as *laches* while the mortgagee treats the demand as open, and the act of receiving money after the sale, opens the sale. It nullifies the sale, and restores the former relations of the parties. The way to terminate such relation is by bill to foreclose. *Stoddard* v. *Whiting*, 46 N. Y.

627; *Tennery* v. *Nicholson*, 87 Ill. 464; *Wood* v. *Wheeler*, 93 id. 153.

The agreement to continue did not cut off the right of redemption. That can not be restrained or clogged by any agreement. *Henry* v. *Davis*, 7 Johns. Ch. 40; *Clark* v. *Henry*, 2 Cow. 324; *Odell* v. *Montross*, 68 N. Y.

A sale under a power must be entirely fair. Powers of sale are regarded with jealousy, and sales under them before other rights intervene, will be set aside if not conducted with complete fairness. *Rounswell* v. *Crofoot*, 4 Bradw. 671.

Is it fair for the creditor to appoint the trustee and then buy at his sale, or to sell property worth $6000 for $2160?

That it was usury for the agent making the loan at the highest legal rate of interest to deduct commissions, see *Payne* v. *Newcomb*, 100 Ill. 611.

Messrs. WILLIAMS & CAPEN, for the appellees:

The usury, if any in the debt, can not be taken advantage of after the sale. *Perkins* v. *Conant*, 29 Ill. 184; *Tyler* v. *Insurance Co.* 108 id. 58; *Carter* v. *Moses*, 39 id. 539; *Manny* v. *Stockton*, 34 id. 306.

The beneficiary can always provide that in case of the refusal or inability of the trustee to act, he can appoint a successor in trust. *West* v. *Fitz*, 109 Ill. 425; Perry on Trusts, sec. 288.

An agreement to sell on condition can only be enforced upon proof of the performance of that condition.

Mr. JUSTICE TUNNICLIFF delivered the opinion of the Court:

If the appellant had any claim to relief on account of the alleged usury, he must be considered as having waived it by not asserting his rights till after the land had been sold under the deed of trust. By permitting the land to be sold under a deed of trust given by him, if done in pursuance of authority therein contained, and for the purpose of having the proceeds

applied in payment of indebtedness thereby secured, as pro-
vided by the deed of trust, it thereby becomes a voluntary
payment by the grantor, and by repeated decisions of this
court, his remedy to recover back his usurious interest, or
obtain any other relief on account thereof, is gone. *Tyler* v.
*Massachusetts Mutual Life Ins. Co.* 108 Ill. 58, and cases cited.

The objection that there was no right or power in Burr to
make the sale as successor in trust of Magoun, the original
trustee, can not be maintained. This deed of trust in terms
declared, that in case of the death of the trustee, "or in case
he should decline to act in making sale of the premises as
hereinbefore provided, then the said Milner Brown, or the
legal holder or holders of said notes, shall have the option of
substituting any other person in his stead, and the acts and
doings of said party so substituted shall be as effectual and
binding as if done by the said party of the second part."
On the 21st of July, 1877, said John Magoun, by a formal
written instrument by him signed and acknowledged in form
before a notary of McLean county, Illinois, declined to act as
such trustee, and on the same day, Milner Brown, by a proper
instrument duly executed, and in form acknowledged before
the same notary, substituted and appointed Hudson Burr as
trustee in the deed of trust, in the place and stead of said John
Magoun. This, in effect, clothed Burr with the same power
and authority as though he had originally been named as
trustee in the deed of trust. As was said by this court in
*West* v. *Fitz,* 109 Ill. 442: "The author of every trust has
full power to provide for the appointment of a successor or
successors in trust in case the original trustee or trustees
refuse to act, die, remove into a foreign jurisdiction, or are
removed by a court of competent jurisdiction."

It is also urged that the court erred in admitting in evi-
dence the paper evidencing the declination of Magoun to act
as trustee, and also the one by which Brown appointed Burr
as trustee in place of Magoun, because there was no proof

of their execution, except the certificate of the notary, and it is insisted that instruments of this kind are not such as notaries are authorized to authenticate under our statute, and therefore his certificate of acknowledgment is not sufficient proof of their execution, and that other proof thereof should have been made. It would be a sufficient answer to say that no objection of this kind was made when these instruments were offered in evidence on the hearing. Such an objection comes too late if made for the first time in an appellate court. A party can not be permitted to remain silent when an instrument pertinent to the case is offered in evidence, and afterward object that proof was not made of its execution. The reason is, that had the objection been made at the time, the party offering the instrument could, perhaps, have supplied the necessary proof. By not objecting, the party against whom the instrument is offered must be held to admit its execution. But aside from this, section 21 of the act concerning Conveyances, (1 Starr & Curtiss' Annotated Stat. 580,) declares that "deeds, mortgages, conveyances, releases, powers of attorney, or other writings of or relating to the sale, conveyance, or other disposition of real estate, or any interest therein, whereby the rights of any person may be affected in law or in equity, may be acknowledged or proved before some one of the following courts or officers, namely,"— and notaries public are among those named. Other sections prescribe the form of certificate, and as to notaries, their seal of office must be affixed, and when compliance is made therewith, such instruments are admissible in evidence. These papers were acknowledged before and certified by the notary in form, and attested by his official seal, and clearly came within the statute as "writings of or relating to the sale, conveyance, or other disposition of real estate."

The $300 paid by appellant to appellee Brown, after the sale, was not received by the latter toward the redemption of the premises. Appellant, at the time he paid it, gave no

directions as to how it should be applied, and Brown, therefore, had the right to apply it toward the payment of the balance still due him from appellant after the sale. But if this was not so, the parties, by their written agreement entered into during the pendency of the forcible detainer suit, stipulated, for a valuable consideration, as shown by the agreement, that if appellant did not, by the next term of court, pay all taxes on the land, and pay to Brown the sum of $300 in addition to $100 paid to him at the time this agreement was executed, then this $100, and the $300 before paid, should be retained by Brown in full payment of the balance due him on his original debt. Appellant failed to comply with this agreement, and appellee Brown, in consequence, became entitled to retain the $400, in accordance with its terms, and the right of appellant to any relief from the sale on account of it, if he ever had any, was gone. The suggestion of appellant that this agreement was simply one for a continuance of the case, (although that was one of the stipulations,) is not warranted by the terms of the instrument. The fact that the indorsement of the proceeds of the sale was not made till some time after the sale, is wholly immaterial. If it never had been indorsed, it would be no cause for setting aside the sale, but merely a payment to that extent upon the note. The indorsement would only have furnished the evidence of the payment.

We have given this case careful consideration, but feel compelled to hold that appellant is not entitled to redeem or have the sale set aside, even if Brown had not sold to Dailey, and it is therefore unnecessary to notice that feature of the case.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*