# Gross v. Coffey.

### Action of Assumpsit.

1. *Depositions, when suppressed, have no value as evidence.*—A deposition, by surpression, loses its verification as such and is thereby destroyed for all evidential purposes, and becomes no more than any other paper purporting to be signed by a party sought to be charged by the admissions contained in it; and is, therefore, not admissible in evidence except upon preliminary proof of the signature of the person whose name is signed thereto or of his assent to the statements embraced therein.

2. *Usury; action of assumpsit can not be maintained to recover back usury paid, in the absence of a promise to repay it.*—Usurious contracts are not illegal and void in this State, but voidable merely at the election of the promisor to avail himself of the defense furnished by statute (Code, §§ 1750, 1754); and when usury is paid, an action of assumpsit cannot be maintained to recover it back, in the absence of an express promise to repay or refund it.

3. *Same; when interest on interest not usury.*—Interest on accrued interest embraced in renewal notes as part of the principal is not usury; and when a promisor, upon a promise by the payee to refund all usury included in the payment, pays the amount due upon the last of several renewal notes, each of which included the interest accumulated at the date of execution, he can not recover back from the payee the amount paid as interest on accrued interest embraced in the note as part of the principal.

APPEAL from the Circuit Court of Jackson.
Tried before the Hon. JAMES A. BILBRO.

[Gross v. Coffee.]

This is an action by Ephraim C. Gross to recover of John R. Coffey money alleged to be due the plaintiff on an agreement to refund usurious interest, charged and collected on a loan made by the defendant to the plaintiff. The original complaint was filed July 8, 1890, containing the common counts. An amended complaint was filed containing an additional special count setting up that, the plaintiff being indebted to the defendant for money loaned, upon a settlement of said indebtedness the defendant claimed and charged usurious interest, which the plaintiff refused to pay, and thereupon the defendant agreed that the amount of such usurious interest should be ascertained and refunded, that the plaintiff paid the full amount claimed, upon said agreement to return, and that the defendant, upon demand, had refused to ascertain and refund said usurious interest as agreed. Wherefore the plaintiff claims the sum of four thousand dollars upon said agreement. The cause was tried upon issue joined upon the plea of the general issue.

The evidence was without conflict that the indebtedness was evidenced by a series of four notes, one original, and three renewal notes, as follows: 1st. Note given January 17, 1878, and due December 27th, 1878, for $1,700. 2d. Note given September 14th, 1880, and due December 27th, 1880, for $3,058. 3d. Note given May 9th, 1884, and due December 27th, 1884, for $4,281.20. 4th. Note given July 24, 1888, and due one day after date for $5,505.62. The evidence is also without conflict that the indebtedness was settled December 19th, 1889, by delivering to the defendant the sum of $6,132.36, and taking up the last note, and the mortgage to secure the same. All the notes were secured by mortgages.

The evidence for the plaintiff tended to show that in the indebtedness evidenced by the several promissory notes there was included usury, and that upon the payment on December 19, 1889, to the defendant of the amount which he claimed, the defendant agreed that if it was shown by calculation that usury was included in the amount of the indebtedness, he, the defendant, would refund the same to the plaintiff. The evidence for the plaintiff further tended to show that there was a pressing necessity for a settlement of the claims with the defendant, which were secured by a mortgage on the plaintiff's

land, because it was necessary to lift the mortgage from the lands, in order to consummate a sale of the land which the plaintiff had made to one Scott; and that, therefore, upon the defendant agreeing to refund to the plaintiff any amount of usury which was ascertained to be included in the debt, the full amount as evidenced by the note was paid to the defendant.

The evidence for the defendant tended to show that at the time of the settlement of the indebtedness due him from the plaintiff, the defendant did not agree to refund to the plaintiff any usury that might be ascertained to be included in said indebtedness.; that in fact there was no usury, and that all that was said by the plaintiff was after he had paid the amount claimed by the defendant, and that after such payment, upon the plaintiff's saying that he had paid the defendant too much, the defendant told him to make a calculation, and that if there was anything wrong, or he had been paid more than he was entitled to, he "would make it all right" with the plaintiff.

As evidence bearing upon the question as to whether there was usury in the indebtedness, the plaintiff as a witness in his own behalf testified that in 1878 he borrowed from the defendant $1,500, and to secure this sum he gave a note on January 7, 1878, for $1,700, payable December 27, 1878; that upon the note for $1,700 being presented to him for execution, he remarked to the defendant that it was for too much, as the defendant had agreed to let him have the money at ten per cent.; that thereupon the defendant said that he "always put in enough to cover contingencies;" that he had agreed to pay the defendant ten per cent. for the money, and upon his refusing to change the face of the note from $1,700 the plaintiff signed it, inasmuch as he needed the money to meet an obligation. The plaintiff further testified that the first note was renewed by a note made on September 14, 1880, for $3,058; that in making the renewal note, the interest was calculated at 2½ per cent. and there was included in it $250, which the plaintiff had borrowed from the defendant in May, 1880. That these two sums—$1,500 and $250—constituted the only money ever borrowed by the plaintiff from the defendant. The plaintiff further testified, as a witness, that the third note, which was executed on May 9, 1884, for

$4,281.20, and payable December 27, 1884, was a re-
newal of the second note, and included the amount due
thereon. with interest. The fourth note was a renewal
of the third, at 8 per cent. interest, and interest was
calculated at the same rate on the last note, at the
time of settlement. There was other evidence intro-
duced in behalf of the plaintiff tending to corroborate
the testimony of the plaintiff.

The defendant's testimony, as a witness in his own
behalf, was, that at the time of the execution of the
first note, he, the defendant, loaned the plaintiff $1,580,
and that he calculated the interest due thereon at 8 per
cent., and included it in the face of the note, which
made the $1,700. That the next note for $3,058 in-
cluded the interest due on the $1,700 to the time of the
execution of the second note, and $1,085 which he, the
defendant, had loaned to the plaintiff after the execu-
tion of the first note. The defendant further testified
that the third note for $4,281.20, included interest due
on the second note to the time of the execution of the
third, and also $245 which the defendant had loaned to
the plaintiff after the execution of the second note, and
that these sums added to the principal of the second
note made the amount for which the third note was
given.

In the course of the trial, the defendant offered in
evidence the deposition of E. C. Gross taken on behalf of
the plaintiff by John H. Vaught and W. C. Glover, and
which had been suppressed on motion of the defendant.
The plaintiff objected to the introduction of said deposi-
tion, on the ground that it was irrelevant, incompetent
and illegal, and no sufficient predicate had been laid for
the introduction. The court overruled the objection,
and the plaintiff duly excepted.

Upon the introduction of all the evidence, the plaintiff
requested the court to give to the jury the following
written charges, and separately excepted to the court's
refusal to give each of them as asked :   (1.) "In calcu-
lating usury the defendant is not entitled to compound
interest on any renewal of the note after usury crept
into the indebtedness, if the jury are reasonably satis-
fied that there was usury in the indebtedness."   (2.)
"If the jury believe from the evidence that the original
loan was $1,500 on the 7th day of January, 1878, and

[Gross v. Coffey.]

that an additional loan of $250 was made on the 7th day of May, 1880, and that this was all the money loaned, then the defendant is not entitled to compound interest at the time the several renewals, but the jury should calculate simple interest on the different loans from their respective dates to the time of settlement, add this interest to the amount loaned, and deduct the aggregate from the sum paid on final settlement. The balance would be the sum plaintiff is entitled to recover, with interest from the final settlement, provided the jury are satisfied from the evidence that the defendant agreed to refund the usury." (3.) "If the jury believe from the evidence that there was usury in the first note, then in calculating interest they should not compound it at the several renewals, but compute legal interest on the sums loaned from their several dates to the time of the final settlement; and deduct the aggregate of the loans and simple interest thereon from the amount paid, and the balance would be the usury." (4.) "If the jury believe from the evidence that there was usurious interest in the first note, and they further believe that the defendant agreed to refund the usury, if there was any in the indebtedness, then they will calculate the interest at 8 per cent. on the principal of said note from the date thereof to the 19th day of December, 1889, without regard to the renewal notes." (5.) "If the jury find that there was usury in the indebtedness, and that the defendant agreed to refund the usury, if any, and if there were renewals afterwards, then the jury will count straight interest on each principal sum from the date it was loaned to the 19th day of December, 1889, and deduct the amount of principal and interest thus ascertained from the amount paid by Gross to Coffey on that day, and the balance, with interest thereon, would be the measure of plaintiff's recovery."

Upon the return of a verdict for the defendant, the plaintiff made a motion for a new trial upon several grounds, which was overruled, but it is unnecessary to set out these grounds in detail.

There was judgment in favor of the defendant, and plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

MARTIN & BOULDIN, for appellant.—1. The court erred in permitting the defendant to introduce in evidence the two depositions of the plaintiff which had theretofore been suppressed on motion of the defendant.

Depositions are authorized by statute out of the necessity of the case. They derive their verity as documents from a compliance with the terms of the statute, as to issuance of a commission, the swearing of the witness, reducing his statement to writing, the witness' signature thereto, and the certificate and return of the commissioner. For many reasons a deposition may be suppressed, and when suppressed it loses its character as a document possessing the evidence of its own verity. It is no longer self-proving. When, therefore, the depositions in the case at bar were suppressed on motion of the defendant they became mere papers in the file without any inherent evidence of verity. Now, we recognize the rule that a deposition of a party, though irregularly taken, may be introduced by the adverse party as an admission of the facts therein contained.—1 Greenleaf on Ev., (14th ed.), 552 ; Week's Law of Depositions, 530.

But such admissions must be proved like any other document introduced as an admission. The adverse party makes the paper his document, his witness, and it must be proved as any other admission.—1 Greenleaf on Evidence, 557 ; *Hallett v. O'Brien*, 1 Ala. 585 ; *Pearson v. Baily*, 23 Ala. 537.

2. The prevailing doctrine, both in England and America, is, that a debtor paying usury, may recover it back in an action of *indebatatus assumpsit*, or the equitable action for money had and received, or by suit in equity. *Ashley v. Reynolds*, 2 Shaw. 915 ; s. c. 2 Barn. K. B. 40 ; *Palmer v. Lord*, 6 Johns. Ch. (N. Y.) 95 ; *Wheaton v. Hibbard*, 20 Johns. (N. Y.) 290 ; *Brown v. McIntosh*, 39 N. J. L. 32 ; *Adams v. Randolph*, 41 N. J. L. 218 ; Tyler on Usury, p. 421 ; 1 Story's Eq. Jur., §§ 300-302 ; 2 Pomeroy's Eq. Jur., § 937 ; 3 Parson's on Cont., (5th ed ), 127-8 ; 2 Chitty on Cont., 939 ; 2 Greenl. Ev., § 121 ; 27 Am. & Eng. Encyc. of Law, p. 959 ; *Moseley v. Brown*, 76 Va. 419 ; *Clarkson v. Garland*, 1 Leigh (Va.) 162 ; *Spengler v. Snapp*, 5 Leigh (Va.) 478, 505 ; *Davis v. Demming*, 12 W. Va. 246 ; *Davis v. Hoy*, 2 Aikens (Vt.) 303 ; *Wells v. Robinson*, 53 Vt. 202 ; *Cross v. Mann* 53 Vt. 501; *Nicols v. Bellows*, 29 Vt. 581, 54 Am. Dec. 85 ;

*Zeigler v. Scott*, 10 Ga. 389 ; 54 Am. Dec. 395, n. 400 ;
*Bexar B. &. L. Ass'n v. Robinson*, (Tex.) 22 Amer. St.
Rep. 36 ; *Pope v. Marshall*, 84 Ga. 452 ; *Henry v. Nat. L.
Ins. Co.* (Vt.) 14 Atl. 7 ; *Melton's Appeal* (Pa. 7 Atl.
201 ; *Int. Nat. B. & L. Asso. v. Biering*, (Tex.) 23 S. W.
621 ; *Willie v. Green*, 2 N. H. 333 ; *St. B. K. v. Ensinger*,
7 Blackf. (Ind.) 105 ; *Misselman v. McElhenny*, 23 Ind.
4 ; *Campbell v. Sloan*, 62 Pa. St. 481 ; *Trust Co. v. Beech*,
69 N. Y. 248 ; *Grow v. Alvie*, 19 Vt. 540 ; *Shirley v.
Trabue*, 85 Ky. 71 ; *Hardin v. Trimmier*, 27 S. C. 111 ;
*Dickerson v Thomas*, 67 Miss. 777, 788 ; *Bond v. Jones*, 8
Smeds. & M. (Miss.) 368 ; *Parchman v. McKinney*, 12 *Ib.*
631 ; *O'Connor v. Clopton*, 60 Miss. 349 ; *Womack v. Boyd*,
63 *Ib* 488 ; *Wilson v. Selbye*, 64 N. W. 537, (S. D.) ;
*Treadgil v. Timberlake*, 2 Head (Tenn.) 395 ; *Wood v.
Lake*, 13 Wis. 84 ; *Morrison v. Miller*, 46 Iowa 84 ; *Gnatt
v. Grindall*, 49 Md. 310 ; *Anderson v. Scannia Bank*,
(Minn.) 54 N. W. 1062 ; *Phila. B. Asso. v. Knight*, 35
Pa. St. 470 ; *Schroeppel v. Corning*, 5 Denio (N. Y.)
236 ; *Davis v. Garr*, 55 Am. Dec., note 399.

J. E. Brown, *contra.*—There is no law in Alabama in
force which authorizes the recovery of usury when the
contract has been fully executed and the usury volunta-
rily paid. Under our law contracts for usury are void-
able and not void, and when voluntarily executed or
performed, the usury cannot be recovered, back.—Code
of 1886, § 1754 ; *Noble v. Moses Bro.*, 74 Ala. 621 ;
*Bradford v. Daniel*, 65 Ala. 133. The question of
usury never arises in a law court except as a defense
specially pleaded.—*Bradford v. Daniel*, 65 Ala. 133.

2. While the contract is executory the promisor may
go into a court of equity and tender the principal and
lawful interest and be relieved of the usury and by this
he may avoid the compound interest occasioned by re-
newal notes or partial payments, but this is only true of
executory contracts and not executed ones.—*McGehee v.
George*, 38 Ala. 323.

McCLELLAN, J.—The circuit court erred in receiv-
ing in evidence against plaintiff's objection the deposi-
tions of E. C. Gross, taken on behalf of the plaintiff by
John H. Vaught and W. C. Glover, which had been
suppressed on the motion of the defendant. The sup-

[Gross v. Coffey.]

pression of a deposition destroys it for all evidential purposes, and while the paper upon which it is written may remain in the files of the court and cause, and purport on its face to bear the signature of a party to the cause, so that what is set down therein would be competent as admissions and the like against such party, *upon proof of the signature* or of his assent to the statements contained in the paper, in and of itself, having lost by the suppression the verification which it had as a deposition, it is no more than any other paper casually and accidentally in the file purporting to have been signed by a party sought to be charged by the admissions embraced in it, and not evidence against him unless preliminary proof connecting him with it is adduced.—Weeks on Depositions, §§ 365, 530; 1 Greenl. Ev., § 552.

The question of chiefest importance in this case arises on the rulings of the trial court on charges requested, and is whether usury paid can be recovered back in an action of *assumpsit*, that is, in the absence of a promise to repay or refund it. At common law such recovery was allowed, and in many of the States, the action is sustained. The ruling, however, at common law, and in these States except when their statutes expressly or impliedly authorize this action, goes upon the theory that a contract to pay usury is illegal and void, and not voidable merely; and the main difference between the statutes in the States referred to and our own, lies in the fact that they either in terms declare, or have been construed and held to declare, such contracts absolutely void, while the statutes of Alabama do not so declare, but only provide that an usurious contract cannot, when the objection is properly taken to it, *be enforced* in respect of the usury or interest, but may be as to the principal, and have uniformly been held to render such contracts to that extent voidable at the election of the payor, but not in and of themselves illegal and void. The common law doctrine, and the doctrine administered in those States which allow such recovery, is very ably and clearly stated by the supreme court of New Jersey through REED, J., in *Brown v. McIntosh*, 39 N. J. L. 22. The contrary view—that which denies such right of recovery—is maintained by the supreme court of Massachusetts, among others, and is expressly put upon the

[Gross v. Coffey.]

ground that the statutes of that State do not render a contract whereby usurious interest is allowed illegal and void; and upon this consideration the court differentiates its own conclusion from the contrary one reached by the New Hampshire and other courts and referred to in argument, saying: "The consideration, that now by law the contract is not void, distinguishes this case from those cited, and takes away the ground upon which they rested. The ground upon which it was fomerly held that an action for money had and received would lie, was, that it was illegal and oppressive to take more than six per cent interest, and therefore it could not conscientiously be retained from the person who had paid it. This was the ground upon which the case of *Willie v. Green*, 2 N. H. 333, was decided. For although the statute of New Hampshire, in force at that time, was like our present law in providing that three times the interest might be forfeited and deducted when such a contract was in suit, and gave a suit to recover back, not the whole, but a part of the usurious interest, yet, unlike ours, it expressly prohibited the taking of more than six per cent. and thereby made it illegal. But as by our statute the contract is not illegal, the party, who has suffered by paying usurious interest, is confined to the statute remedies."—*Crosby v. Bennett*, 7 Metc. 17. And upon like reasoning the same conclusion is reached in a number of other States whose statutes do not declare or render a contract involving usury illegal and void, but only provide defenses thereto in respect of the usury and interest, or forfeitures, and the like.—*Van Fleet v. Sledge*, 45 Fed. Rep. 743; *McBroom v. Scottish Investment Co.*, 153 U. S. 318; *Graham v. Cooper*, 17 Ohio 605; *Williams v. Cole*, 26 Ohio St. 207; *Guinn v. Boynton*, 40 Iowa 304; *Smith v. Coopers*, 9 Iowa 376; *Phillips v. Gephart*, 53 Iowa 396; *Bank v. Sherwood*, 10 Wis. 230; *Ransom v. Hays*, 39 Mo. 445; *Hadden v. Junes*, 24 Ill. 381; *Tompkins v. Hill*, 28 Ill. 519; *Luke v. Brown*, 116 Ill. 83; *Bank v. Lutterloh*, 81 N. C. 142; *Woodfolk v. Bird*, 22 Minn. 341; *Cornell v. Smith*, 27 Minn. 132; *Security Co. v. Aughe*, 12 Neb. 504; *Blain v. Wilson*, 49 N. W. Rep. 224.

Alabama belongs to this latter category of States. Usurious contracts with us are not void. In any event they are perfectly valid and binding so far as the prin-

cipal is concerned, and are also good, and may even be enforced in our courts as to the interest and usury, unless the payor elects to interpose the defense as to the latter items which the statute furnishes him.—Code, §§ 1750, 1754; *Masterson v. Grubbs*, 70 Ala. 406; *Burns v. Campbell*, 71 Ala. 271; *Bradford v. Daniels*, 65 Ala. 133. And it is not claimed that the legislature has in any manner authorized an action for the recovery of usury paid. So that, if the question were an open one in this court, we should not hesitate to declare that usury voluntarily paid, as it was in the case at bar, if paid at all, can not be recovered back in an action of assumpsit. The promise to pay it is not illegal and void, but voidable only at the election of the promisor. Not availing himself of the statutory defense, it can not be said that his act in paying or the promisee's act in receiving usury is illegal. But the question is not an open one in Alabama. It was in substance decided, against the right of recovery back in the celebrated case of *Jones v. Watkins*, 1 Stew. 81, and expressly so ruled in the case of *Noble v. Moses Bros.*, 74 Ala. 604, 621; and subsequent decisions in this latter case did not overrule the first opinion as to this point.

The plaintiff must, therefore, recover, if at all, on the alleged promise of the defendant to repay and refund whatever of usury was included in the payment made by him to the defendant, and the recovery must, of course, be measured by the terms of that promise. We do not understand the alleged agreement to involve the abatement on the part of the defendant of his claim except to the extent that usury should be found to have entered into it. This eliminated, the demand of defendant stood as if no usury had ever entered into it, or been received by him, and the amount of it is to be determined on that hypothesis. In other words, the sum due the defendant at the time of the settlement on acount of principal and interest at the statutory rate is to be arrived at precisely as if no usury had been injected into the amount of the claim on its face. Interest on matured interest is not incident thereto, and is not recoverable as an incident. But an agreement to pay interest on such interest is not unlawful or usurious; especially when made after the maturity of the original principal and interest thereon.—*Paulling v. Creagh's Administra-*

*tors*, 54 Ala. 646. Hence it is that, on the assumption that usury was included in the payment made to the defendant and that he promised to pay the amount of it back to the plaintiff, the amount paid by the plaintiff as interest on accrued interest embraced in the several renewal notes as part of the principal, and which as such the plaintiff by executing the notes undertook to pay, is not to go to swell the plaintiff's recovery; it is not usury, and is, therefore, not within the terms of the defendant's alleged promise. The cases referred to by appellant's counsel in this connection, would be in point if the defendant had agreed to refund all that he had received except the principal and eight per cent thereon—that seems to be the measure of equity the debtor has to perform when he goes into chancery to be relieved in respect of an usurious contract, (*McGehee's Admr. v. George*, 38 Ala. 323); but it is not the measure of the defendant's liability under the promise alleged, and which the evidence tended to establish. The charges requested by the plaintiff on this subject were properly refused.

As the judgment must be reversed for the error pointed out above in the admission of the suppressed deposition of E. C. Gross, we deem it unnecessary to consider the exception reserved to the refusal of the court to grant plaintiff's motion for a new trial.

Reversed and remanded.