# Smith *v.* Yancey.

## Assumpsit.

(Decided December 21, 1916. 73 South. 477.)

1. **Evidence; Parol; Note.**—The parties to a note are not concluded by its terms as to the amount of money loaned, but the consideration may be shown by parol.

2. **Payment; Mistakes; Recovery.**—Where a defendant had collected compound interest and the action was to recover on an express promise to repay money paid by mistake, evidence of the true consideration for the notes paid was relevant to aid in computing the amount of the interest received by the defendant.

3. **Interest; Compound; Agreement.**—The payee of a note has no right to charge and collect compound interest in the absence of an agreement, express or implied for such interest.

4. **Payment; Mistake; Burden of Proof.**—Where the action was on an express promise to repay any money paid by mistake and plaintiff claimed that he did not know the amount so included compound interest, and defendant claimed that plaintiff had agreed to pay such interest, the burden rested on the plaintiff not only to prove the mistake and the payment of compound interest but also that defendant agreed to repay such interest.

5. **Same; Variance.**—Where plaintiff testified that he knew that defendant was charging interest at a usurious rate plaintiff cannot recover on a count alleging an express promise by defendant to repay to plaintiff all sums paid by him above the actual principal due with legal interest thereon, and defendant was entitled to have the verdict directed as to that count.

6. **Same; Recovery; Instructions.**—Where the action was on an express promise to repay money paid by mistake on a settlement between the parties and there was evidence that compound interest was included without plaintiff's knowledge and also that certain items included in the principal were improper, defendant was not entitled to an instruction that plaintiff could not recover if he knew that the interest had been compounded.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Assumpsit by R. I. Yancey against H. P. Smith. Judgment for plaintiff, and defendant appeals. Transferred from the Court of Appeals under. Acts 1911, p. 450, § 6. Reversed and remanded.

The seventh count alleges that plaintiff, being indebted to defendant, called upon defendant for a statement of what plaintiff owed under certain promissory notes held by defendant against him; that defendant claimed of plaintiff on said date

[Smith v. Yancey.]

$1,350, and plaintiff insisted he owed defendant no such large sum of money; whereupon, defendant promised plaintiff that, if he (plaintiff) would pay such sum of money, he (defendant) would collect and repay plaintiff all money paid by mistake as to the sum due and would make good and repay plaintiff any and all sums paid in by plaintiff over and above the actual principal sum due, together with the legal rate of interest thereon from the time plaintiff had the money which he had borrowed of defendant. And plaintiff avers that he did then and there pay defendant said sum of $1,350, the same being $750 over and above the principal sum due defendant by plaintiff together with the legal rate of interest thereon, and defendant has failed and refused to make good his promise to repay such sum of money. The following charge was refused to defendant:

The court charges the jury that, if they find that plaintiff knew that the interest had been compounded annually, then plaintiff cannot recover.

GOODHUE & BRINDLEY, for appellant.   W. J. BOYKIN, for appellee.

SAYRE, J.—Plaintiff (appellee) sued defendant to recover a part of certain payment of money made by plaintiff to defendant in satisfaction of two promissory notes evidencing plaintiff's indebtedness to defendant.   Plaintiff's version of the case was that he paid the amount claimed by defendant at the time to rid his property of mortgages securing the notes and upon defendant's express promise that, if it were found upon further investigation that he had paid too much, he (defendant) would pay the overplus back to plaintiff, and that the amount so paid had been swollen by the inclusion of both usurious and compound interest, as plaintiff afterwards learned the fact to be.   At the trial it was not disputed that interest of both questionable sorts had been included in the sum paid by plaintiff to defendant; but, so far as usury is concerned, plaintiff confessed that he knew he was being charged with usurious interest and the rate at which it was charged, nor had he complained of usury.   In so far, then, as the sum paid has included usury, the court instructed the jury that the plaintiff could not recover.—*Gross v. Coffey,* 111 Ala. 468, 20 South. 428.   This left for determination defendant's disputed liability for the compound interest paid and its amount.

[Smith v. Yancey.]

(1, 2) Relevant and material to the issues thus presented was the testimony of plaintiff tending to prove the true consideration of the notes, to-wit, money lent and its amount (matters not concluded by the face of the notes, *Blum v. Mitchell*, 59 Ala. 535), for not otherwise could the amount of the compounded interest claimed and received by defendant be computed.

(3, 4) Defendant had charged and collected compound interest. He had no right to do this in the absence of an agreement, express or implied, that interest should be compounded. According to plaintiff's testimony, he did not know at the time that he was paying compound interest on his debts in order to get a settlement, though he thought he was paying too much. His reasons or excuses for not knowing were for consideration by the jury. Charge 2, given at the request of plaintiff, did not deal with the general burden of proof, nor did it predicate a result in the cause. It dealt with the burden of proof in respect of the issue raised by defendant's contention that there had been no mistake in the payment of compound interest for the reason (alleged) that plaintiff had agreed to pay such interest. Without such promise defendant had no right in the first place to exact interest upon interest. The suit was really one to recover on an express promise to repay any money paid by mistake; but the fact of mistake did not conclude the case in favor of plaintiff, for it was necessary, besides, that he makes it appear, not only that the amount paid to defendant included interest upon interest, but that defendant had promised to repay any such interest, and as to both these last-mentioned facts the burden of proof was upon the plaintiff.

(5) Considering plaintiff's testimony to the effect that he knew all along that he was being charged with interest at 10 per cent., and that at the settlement he made no objection on that account to the amount claimed by defendant, which contained interest correctly calculated on that basis, defendant's promise to repay if it should be found that plaintiff was paying "too much" should be interpreted, so far as interest is concerned, as a promise only to repay any interest upon interest that may have been included in the sum paid by plaintiff to defendant. This appears to have been the view taken by the court in its general oral charge to the jury. But the court did not adhere to this view when it refused the general charge as to count seven of the complaint requested by defendant. As we understand the evidence,

[Smith v. Yancey.]

this charge was due the defendant, for the reason that there was no evidence to sustain the averment of the promise alleged in this count, viz., that: "The defendant would correct and repay to plaintiff all .money paid by mistake as to sum due, and would make good and repay the plaintiff any and all sums paid him by the plaintiff over and above the actual principal sum due together with legal rate of interest thereon."

As we read the case, the undisputed evidence was to the effect that defendant did not promise to make good or repay the usury plaintiff paid with his eyes open and without promise on the part of defendant, or expectation on the part of plaintiff, that it would be repaid.    The charge should have been given.

(6) We cannot say there was error in the refusal of charge A requested by defendant.    It is not easy to understand just how in all respects plaintiff intended his testimony should be understood.    As we read him, he claimed and testified in effect that he was not chargeable with some of the items that went to make up the consideration of the note for $499.76.    Defendant seemed to testify that it was made up in part of the price of goods bought on credit.    Plaintiff denied that he had bought any goods on credit.    If defendant erroneously included such items in the amount collected from plaintiff and promised to make good any mistake, plaintiff was entitled to judgment for such items without regard to the issue between the parties as to compound interest. The charge was therefore refused without error.

As the judgment will be reversed on the ground indicated, it is unnecessary to consider the exceptions reserved on the refusal of the court to grant plaintiff's motion for a new trial.    We suggest only that the verdict failed to express any consistent theory of the facts in the cause.

Reversed and remanded.

ANDERSON, C. J., and MCCLELLAN and GARDNER, JJ., concur.