## Charles T. Stevenson et al., Appellants, v. Thomas W. Stevenson, Executor, Appellee.

1. Wills, § 383*—*when contingent estate in remainder created.* A clause in a will: "I desire that the following named nephews and nieces shall be paid the amounts herein designated, provided they are living at the time of the death of my wife," *held* to create a contingent estate in remainder in the nephews and nieces and not a vested estate in remainder.

2. Wills, § 495*—*when shares of deceased devisees go into residuary fund.* Under a will bequeathing certain amounts to certain persons, provided such persons are living at the time of the death of another person, *held* that if any of such devisees were not alive at the time of the death of the life tenant the shares designed for them would go into the residuary fund and pass to the residuary legatee.

3. Wills, § 468*—*what is effect of renunciation of will giving a life estate by widow.* The only effect of the renunciation by a widow of a will giving her a life estate in the testator's property on the funds of the estate would be to lessen the residuary estate by the amount of the property she took absolutely.

4. Wills, § 395*—*when postponed vested legacy accelerated.* A postponed vested legacy will be accelerated by the renunciation of the life estate which precedes it.

5. Wills, § 395*—*when contingent legacy or remainder accelerated.* A contingent legacy or remainder will not be accelerated by the renunciation of the life estate which precedes it unless such appears to have been the intention of the testator.

Appeal from the Circuit Court of McLean county; the Hon. Colostin D. Myers, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 16, 1917.

M. A. Brennan and Ralph J. Heffernan, for appellants.

Barry & Morrissey, for appellee.

Mr. Justice Graves delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

·Appellants filed a bill in chancery asking for a construction of the will of one John C. Stevenson, deceased, and other relief. It appears from the bill that the will in question, omitting the formal parts, is as follows:

"1st. It is my will that all my just debts be paid.

"2nd. I do hereby give, bequeath and devise unto my wife Ella A. Stevenson, all of my estate, both real and personal.

"3rd. I do hereby appoint and constitute my wife, Ella A. Stevenson, executrix of this my last will and it is my will that no bond be required of her as executrix.

"4th. My executrix is hereby fully empowered to execute all deeds or other conveyances that may be necessary in order to pay my debts or settle my estate.

\*      \*      \*      \*      \*      \*      \*      \*      .\*

"Whereas: I, John C. Stevenson, did on the 21st day of December, 1882, make my last will and testament, I do now, by this writing add this codicil to my said will to be taken as a part thereof.

"First: I desire that all my just debts be paid.

"Second: I desire that the sum of One Thousand Dollars be paid to my brother, Adlai E. Stevenson.

"Third: I desire that all my remaining property, both real and personal, shall be held for the benefit of my wife, Ella A. Stevenson, and that all the income from said property shall be for her use and benefit so long as she shall live, and that any money on hands or in the bank at the time of my death, shall be given to her or used for her immediate wants.

"Fourth: On the death of my wife, I desire the sum of Three Hundred Dollars, to be set aside for the purchase of suitable markers or stones for the graves on the cemetery lot in which I am buried.

"Fifth: I also desire that the sum of Two Hundred Dollars be left in trust with the Peoples Bank of this city, the interest on which sum shall be used for the care of the cemetery lot.

"Sixth: I desire that the following named nephews and nieces shall be paid the amounts herein desig-

nated, provided they are living at the time of the death of my wife, viz.:

"To Charles T. Stevenson, the sum of Five Hundred Dollars.

"To James B. Stevenson, the sum of Five Hundred Dollars.

"To Ida Stevenson Hayes, the sum of Five Hundred Dollars.

"To Catherine McCaughey Brown, the sum of One Thousand Dollars.

"To Annie Stevenson Bullis, the sum of One Thousand Dollars.

"To Lettie McCaughey Snyder, the sum of Five Hundred Dollars.

"Seventh: I also will to Mrs. Anna M. Sweeney the sum of Five Hundred Dollars, provided she remains with my wife as nurse or attendant up to the time of Mrs. Stevenson's death.

"Eighth: All of the remaining portion of my estate, both real and personal, I will, bequeath and devise to my brother Thomas W. Stevenson, and appoint him at the time of my death in conjunction with my wife as executor of my estate without bond, with power to buy, sell or lease my property as they may deem best."

It further appears from the bill that Ella A. Stevenson renounced the provisions of the will and accepted certain property which was agreed upon by her and the representatives of the estate, in lieu of what was devised to her in said will.

The theory of the bill is that the effect of the renunciation by the widow of the provisions of the will is to accelerate the special bequests mentioned in the sixth clause of the codicil to the will.

Appellee demurred to the bill for the specific reasons following:

"1st: The renunciation of Ella A. Stevenson, the widow of John C. Stevenson, of the provision made for her by the third paragraph of the codicil and her receipt and acceptance of all the property that was due

or coming to her under the statutory provision made for her in case of such renunciation, does not alter the time of payment of the legacies bequeathed in the sixth paragraph of the codicil.

"2nd: The legacies bequeathed by the sixth paragraph of said codicil are not payable until the happening of the contingency therein designated, and as such contingency has not come to pass, petitioners are not entitled to relief prayed for.

"3rd: The placing of the time of payment of the legacies at the death of Ella A. Stevenson was not made solely for the benefit of the wife of deceased, but also to protect the residuary legatee.

"4th: The will and codicil of John C. Stevenson are clear and unambiguous and express directly the intention of the testator in such a manner that they are not susceptible of more than one construction."

The demurrer was sustained, complainants elected to stand by their bill, which was thereupon dismissed for want of equity.

The determination of this case involves the construction of the sixth clause of the codicil to the will and the determination of the question whether the renunciation of the widow has accelerated the bequests to the persons named in that clause.

The construction of the clause mentioned requires a determination of whether the language employed in its opening paragraph, viz.: "I desire that the following named nephews and nieces shall be paid the amounts herein designated, provided they are living at the time of the death of my wife," creates contingent or vested legacies.

"A vested remainder is one which throughout its continuance gives to the remainderman or his heirs the right to the immediate possession, whenever and however the preceding estate is determined." *Lachenmyer v. Gehlbach,* 266 Ill. 11; *Carter v. Carter,* 234 Ill. 507.

A contingent remainder is one limited to take effect

either to an uncertain person or upon an uncertain event, but it is not always true that a remainder which is subject to a contingency is a contingent remainder. If the contingency upon which the remainder depends is a condition precedent, the remainder is contingent; if it is subsequent, the remainder is vested though the happening of the condition subsequent may devest it. *Hill v. Hill*, 264 Ill. 219.

The contingency in the will before us is: "Provided they are living at the time of the death of my wife."

Equivalent expressions have been held to create contingent estates in the following cases:

In *Starr v. Willoughby*, 218 Ill. 485, the bequest was to such of the children of the testator "as may be living at that time."

In *Cummings v. Hamilton*, 220 Ill. 480, the contingency was: "If he survives the life tenant."

In *Barr v. Gardner*, 259 Ill. 256, the bequest was to the testator's wife and at her death to his lineal heirs should there be any living, but, if not, then to the heirs of the testator's blood.

In *Haward v. Peavey*, 128 Ill. 430, the language considered to be sufficient to create a contingent estate was: "To such of them as shall be living."

The language referred to in the case at bar clearly creates a contingent estate in the nephews and nieces to whom specific bequests were given in the sixth clause of the codicil of the will, unless it be held that the postponement of these legacies was to let in the life estate of the widow created by the will. There is nothing in the will that would warrant such a holding. It is averred in the bill that the time fixed for the payment of the legacies mentioned in that clause was "solely for the benefit of the testator's widow."

That averment, however, is not an averment of fact but is merely a conclusion of the pleader, and its truth is not admitted by the demurrer. There is therefore in this record nothing from which the court could con-

clude that the time fixed for the payment of these legacies was postponed for the benefit of the life tenant. On that state of record the clear and specific language of the will should prevail as against any naked presumptions that would result in defeating the manifest intention of the testator.

In *Barr v. Gardner*, 259 Ill. 256, the will created a life estate in favor of the wife of the testator for her maintenance and support with remainder over at her death to the testator's lineal heirs if there should be any living, and if not, then to the heirs of his blood, and the court said: "There was no present fixed right of future enjoyment in a determinate person or persons until the death of his wife, but the uncertainty was as to whether lineal heirs or heirs of the blood would take. The postponement was not for the purpose of letting in the life estate of the widow, but on account of the uncertainty as to whether there would be, at the death of the widow, living lineal heirs. The remainder was contingent because it was limited to take effect to dubious and uncertain persons."

The will before us creates a life estate in the widow of the testator, with specific bequests out of the remainder to certain named persons provided they are alive at the time of the death of the widow and life tenant. If those persons, or any of them to whom those bequests were made, were not alive at the time of the death of the life tenant, then the shares designed for them would under the law go into the residuary fund and pass to appellee, who is the residuary legatee. *Crerar v. Williams*, 145 Ill. 625; *Gilliland v. Bredin*, 63 Pa. St. 393. There was no present fixed right of future enjoyment in any determinate person until the death of the widow, in any of the sums of money so devised to the named nephews and nieces of the testator. It might go to the persons so named or it might go to appellee, the uncertainty being whether

any of the nephews and nieces named would be alive when the death of the life tenant occurred. The postponement was clearly not for the benefit of the life tenant, but was for the benefit of the residuary legatee whose legacy would be increased by death of any of the nephews and nieces named before the death of the wife of the testator. The legacies to the nephews and nieces were, under the rulings of the *Barr* case, *supra,* contingent and could not vest until the death of the life tenant.

The only effect the renunciation by the widow of the provisions of the will had on the disposition of the funds of the estate was to lessen by the amount of the property she took absolutely; the residuary estate under the will was to go to appellee. If she had not renounced, he would have received at her death all of the estate except that which was applied to the payment of the special bequests. Since she has renounced the will he will take all at her death of the estate except what is applied to the payment of the special bequests, and except that part which the widow takes absolutely. With that exception the property is distributed under the provisions of the will. *Marvin v. Ledwith,* 111 Ill. 144; *Dunshee v. Dunshee,* 251 Ill. 405; *Wakefield v. Wakefield,* 256 Ill. 296.

While a postponed vested legacy will be accelerated by the renunciation of the life estate which precedes it, *Northern Trust Co. v. Wheaton,* 249 Ill. 606, a contingent legacy or remainder will not be so accelerated unless it appears that such was the intention of the testator.

From anything that can be discovered from the record before us, the bill was properly dismissed.

The decree dismissing the bill is affirmed.

*Decree affirmed.*