## People's Bank, Conservator, Appellee, v. John H. Wood, Appellant.

1. EQUITY—*when withdrawn answer is competent evidence against defendant filing it.* Even though the original answer is withdrawn by leave of court and an amended answer is filed, admissions in such original answer are competent evidence against the defendant filing it.

2. JUDGMENT, § 360*—*when right of judgment creditor to collect notes may not be questioned.* On a bill by a judgment creditor to subject property conveyed by his judgment debtor to defendant, complainant's right to recover in its suit on the notes on which the judgment was recovered cannot be questioned.

3. GUARDIAN AND WARD—*what is nature of duty of conservator to collect judgment.* The duty of a conservator to collect a judgment in its favor is fixed by law, and cannot be controlled by the wishes of its ward.

4. FRAUDULENT CONVEYANCES, § 264*—*when evidence sufficient to sustain judgment.* On a bill by a judgment creditor to subject property conveyed by his judgment debtor, evidence examined and *held* to support the findings of fact and to warrant the relief granted.

5. FRAUDULENT CONVEYANCES, § 105*—*when conveyance void as against creditors.* A secret agreement between the grantor and grantee of property that the latter should care for and support the grantor during the rest of his life created a trust for the benefit of the grantor and rendered the conveyance void as against creditors, whether or not the debts existed or were due at the time of the conveyance and without regard to whether it was the grantor's intention, at the time he made the conveyance, to defraud his creditors, and also without regard to the fact that there was a valid partial consideration for the conveyance.

6. FRAUDULENT CONVEYANCES, § 272*—*when evidence shows agreement for support of judgment debtor.* On a bill by a creditor to subject property conveyed by his judgment debtor, evidence *held* to show the existence of an agreement between the debtor and his grantee that the latter would support the debtor during his lifetime.

7. EQUITY, § 156*—*necessity of setting up facts relied upon in answer.* In chancery a party cannot rely on facts not set up in any answer, even though the proof shows their existence.

8. DEEDS, § 196*—*when real consideration for conveyance of property may be shown.* On a bill by a judgment creditor to sub-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ject to the judgment property conveyed by the debtor to a third person, the real consideration for which the property was conveyed may be shown by complainant although the written contract under which it was conveyed sets forth a definite consideration.

Appeal from the Circuit Court of McLean county; the Hon. SAIN WELTY, Judge, presiding. Heard in this court at the April term, 1917. Affirmed. Opinion filed October 11, 1917. Rehearing denied December 1, 1917. *Certiorari* denied by Supreme Court (making opinion final).

STERLING, LIVINGSTON & WHITMORE, for appellant; SIGMUND LIVINGSTON, of counsel.

BARRY & MORRISSEY, for appellee.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

Mary Gridley Bell and Edward B. Gridley were brother and sister. They were each possessed of very considerable property in their own rights. For years Edward B. Gridley managed and cared for the property of his sister, Mary Gridley Bell, and collected the income therefrom. On December 7, 1908, appellee was appointed conservator for Mary Gridley Bell and has since acted as such conservator. At the time appellee was appointed conservator, Edward B. Gridley was indebted to Mary Gridley Bell in the amount of $10,574.48 for money that had come into his hands belonging to her while acting as her agent and which he had retained. A little over two months after appellee was appointed conservator for Mrs. Bell, Edward B. Gridley executed and delivered to it his four promissory notes aggregating $10,574.48; one of these notes for $1,574.48 was due January 23, 1912; one for $3,000 was due January 23, 1913; one for $3,000 was due January 23, 1914, and one for $3,000 was due January 23, 1915; and all with interest at the rate of five per cent. per annum. He was later found to be indebted to his sister Mrs. Bell in the

further sum of $1,046.24, for which he gave his note on February 6, 1909, due February 6, 1916. On January 23, 1912, Gridley executed a note and delivered the same to appellee for $1,743.10 due January 23, 1916. On January 7, 1914, Gridley died and on May 25, 1914, appellee recovered a judgment against his estate for the sum of $14,736.99, to be paid in due course of administration. John H. Wood, the appellant herein, was the executor of the last will and testament of Edward B. Gridley, although, at the time of his death, he had no real estate and practically no personal estate in his own name. In January and February, 1909, when he executed and delivered the first notes, aggregating $11,-620.22, that afterwards were merged in the judgment against his estate heretofore referred to, he was the owner of real estate worth more than $100,000. By deeds dated February 27, 1909, and March 6, 1909, Gridley conveyed all of his real estate to John H. Wood, the appellant herein, for "$1.00 and other valuable considerations," but reserved to himself a life estate in the same. On May 10, 1910, he executed another deed to appellant conveying his life estate in about $15,000 worth of property for "$10.00 and other valuable considerations." That there was also a secret understanding and agreement between Gridley and Wood providing for the future maintenance and support by Wood of Gridley is admitted by the answer as at first filed. This answer was afterwards amended, but the admissions in the first answer filed are competent evidence against the defendant filing the same, even when the answer is withdrawn by leave of court. _Allen v. United States Fidelity & Guaranty Co._, 269 Ill. 234; _Blakeslee v. Blakeslee_, 265 Ill. 48; _Bartlow v. Chicago, B. & Q. R. Co._, 243 Ill. 332; _Daub v. Englebach_, 109 Ill. 267; _Maher v. Bull_, 39 Ill. 531. A close confidential relation existed between Gridley and Wood and had existed for years. Wood was trustee under the will of

Gridley's father of property in which Gridley had a half interest. On June 25, 1914, appellee filed its bill in chancery in the Circuit Court of McLean county, setting up substantially the foregoing facts and praying that the property conveyed to and in the hands of appellee might be subjected to the payment of its judgment. In due course, the cause was referred to a master in chancery who took the proof and reported his conclusions recommending that complainant be granted the relief prayed for in its bill. The court overruled exceptions to the master's report and entered a decree in accord with the recommendations of the master. In this decree, among other things, the court finds that in the conveyance from Gridley to Wood of his real estate, Gridley reserved a life estate by the terms of the deed and that in that transaction he also reserved a secret beneficial interest which was, in substance, that the said Wood was to support and care for said Gridley and the premises so conveyed during the remainder of the life of said Gridley. Wood has appealed from this decree and appellee has assigned cross errors.

The question of the right of appellee to recover in the suit on the notes was settled when the court entered judgment thereon. The duty of the conservator to collect the judgment is fixed by law, and the desires of the ward cannot be considered either by the conservator or the court. The questions necessary to be determined in this case are whether the court was warranted by the evidence in its findings of fact made the basis of the decree, and whether its findings of fact warranted the relief granted.

There can be no doubt that the findings of the court that there was a reservation of a life interest in the deeds of conveyance from Gridley to Wood; that there was a secret understanding and agreement for care and support of Gridley during his life by Wood; that the debt for which the notes were given on which the judgment was entered was made before the executing of the

deeds sought to be set aside and while Gridley was financially responsible for many times the amount of the debt; that at the death of Gridley nearly $9,000 of the indebtedness which was later the basis of the judgment in question was not due; that there was no estate in his name out of which the judgment could be made; that but for the conveyances attacked by the bill there would have been ample property to pay all of Gridley's debts; that the consideration paid by Wood for the property was not within $100,000 of what the property was worth, are all established by the evidence.

The secret agreement between Wood and Gridley that Wood should care for and support Gridley during the balance of his life created a trust for the benefit of Gridley and rendered the conveyances by Gridley to Wood void as against creditors, whether or not the debts existed or were due at the time the conveyances or any of them were made, and whether or not it was the intention of Gridley at the time he made the conveyances to prevent the creditors from collecting their claims. *McKey v. Cockran*, 262 Ill. 376; *Davidson v. Burke*, 143 Ill. 139; *Lawson v. Funk*, 108 Ill. 502. This is so even though there is a valid partial consideration for the conveyance. *Moore v. Wood*, 100 Ill. 451; *Harting v. Jockers*, 136 Ill. 627; *Gordon v. Reynolds*, 114 Ill. 118. The law under such circumstances does not stop to inquire what part of the consideration was in money or property and what part in future support with a view of adjusting the relative equities, but treats the conveyance as void *in toto*. *Lawson v. Funk*, 108 Ill. 502; *Moore v. Wood*, 100 Ill. 451. An attempt was made on the part of appellant to distinguish this case from the usual rule upon the theory that the secret agreement eventually committed to writing was only to give his personal service in the care of Gridley in sickness and distress, and that there is nothing to show that he was to furnish or provide anything for Grid-

ley's support. But the testimony of Wood himself is that he was to "look after him in sickness and in health," and that under the agreement he did look after him in sickness and in health. He also said, "I was to see that he had support during his lifetime and that was precisely what the deeds were made to me for." It is therefore apparent that the construction of this secret trust by Wood himself when on the stand, as well as during the lifetime of Gridley, was that he was to support Gridley. The writing referred to does not state the facts exactly as the witness did upon the stand, but the answer does not set up or rest on a written contract, and in chancery a party cannot rely on facts not set up in any answer even though the proof shows their existence. *Millard v. Millard,* 221 Ill. 86, at 92. It is also well settled that even though the writing sets up a definite consideration for the contract in question, still it would be competent in suits of this character for the benefit of creditors to prove what the real contract was regardless of the language of the writing. *Tyler v. Tyler,* 126 Ill. 525, at 538. The reason for that rule is manifest. While possibly the parties to such contract might themselves be bound by the writing, a creditor's rights are established by what the facts really are, regardless how the parties have expressed it in some writing signed by them.

We see no escape from the application of this rule to the facts in this case, particularly when it is manifest that, but for the conveyances made, appellee would have been able to collect his claim from the funds of the estate after the death of Gridley, and the further fact that except by holding these conveyances to be in fraud of appellee's rights, the claim is uncollectible. Various other phases of this controversy have been argued, but it would be useless to extend this opinion to discuss them all. Enough has been said to show that in so far as the court found and decreed the convey-

ances to be in fraud of creditors and granted the relief prayed for in the bill, it was justified by both the law and the evidence. The decree is therefore affirmed.

*Affirmed.*