**John Wood, Executor, Plaintiff in Error, v. Logan A. Gridley, Trustee et al., Defendants in Error.**

1. TRUSTS, § 95*—*what is title of successor to trustee appointed by court under will.* While, as a general rule, the title to the trust estate passes to the heirs of the deceased trustee, where the will creating the trust provides for the appointment of a new trustee, if from any cause the person named shall not act or shall cease to act as trustee, and, upon the death of such trustee, the court appoints a successor, the latter takes under the will and is vested, *ipso facto,* with the title to the trust premises and is clothed with the same power as if he had been named in the will, and a conveyance to him by the former trustee's heirs or representatives is unnecessary.

2. TRUSTS, § 111*—*when trust is active.* Where a trust created

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

by a will directs the trustee to operate the trust property and divide the profits among the testator's wife and children and their issue until the end of twenty-one years after the death of the widow, when the trust property should descend to the heirs of the testator's body then living according to the laws of descent, such trust is active.

3. TRUSTS, § 109*—*what is effect of Statute of Uses*. The Statute of Uses does not execute an active trust or one under which the beneficiaries are indefinite and contingent until twenty-one years after the death of the testator's widow.

4. ESTATES, § 11*—*when merger of legal and equitable estates does not exist*. Where a will creating a trust provides that the trustee shall operate the trust property and divide the profits therefrom among the testator's wife and children in stated shares, the issue of any child to take the share which would have belonged to the parent, and that at the end of twenty-one years after the widow's death, the property shall descend to the heirs of the testator's body then living according to the laws of descent, and further provides for the appointment of a new trustee if, from any cause, the trustee named shall not act or shall cease to act, and the trustee named sells the trust property under a decree authorizing the sale and directing him to hold the proceeds subject to the execution of the trust, but without authority distributes the proceeds of the sale in equal parts to the widow, the two surviving children of the testator, of whom the trustee was one, and the guardian of the minor child of a deceased child of the testator, it was *held* that there was no merger of the legal and equitable estates.

5. TRUSTS, § 86*—*when distributive interests under will are contingent*. Where a will creating a trust provides that at the end of twenty-one years after the death of his widow, one of the beneficiaries, the trust shall determine and the trust property shall descend to the heirs of his body then living to be divided among them according to the laws of descent then in force, the distributive interests in the fund are contingent.

6. TRUSTS, § 289*—*what trust cannot be determined by consent*. Where there are contingent interests in a trust which cannot be determined until the happening of certain events, the trust cannot be determined and the funds distributed by consent of the persons interested, and acts and conduct of persons to whom the trust funds are paid under such an agreement cannot work an estoppel which will defeat the trust.

7. TRUSTS, § 132*—*admission as estoppel preventing trustee's performance*. A trustee cannot make any admission which will estop him from performing his duty as trustee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

8. TRUSTS, § 80*—*how construed*. A trust created by a will must be controlled by the law applicable to trusts, and in dealing with it the rule that family settlements are the favorites of the law cannot be invoked to change the rules of law applicable to trusts.

9. TRUSTS, § 294*—*what distribution will not be protected by courts*. The courts will not be astute to protect the estate of a trustee in the enjoyment of profit derived by him from an illegal distribution of the trust fund.

Error to the Circuit Court of McLean county; the Hon. SAIN WELTY, Judge, presiding. Heard in this court at the October term, 1918. Affirmed. Opinion filed April 27, 1920.

STERLING, LIVINGSTON & WHITMORE, for plaintiff in error.

BARRY & MORRISSEY, for defendants in error.

MR. JUSTICE WAGGONER delivered the opinion of the court.

Asahel Gridley, died, testate, in the year 1881 in McLean county, Illinois, leaving Mary A. E. Gridley, his widow, and Edward B. Gridley, Albert W. Gridley, Mary Gridley Bell and Juliet Shonrock, his children. More than twenty years ago Albert W. Gridley died leaving one child, Logan A. Gridley. Mary A. E. Gridley died November 22, 1900. Edward B. Gridley died January 7, 1914, leaving a will in which John H. Wood was named as residuary legatee, devisee and executor.

Asahel Gridley, by his will, devised to his son Edward B. Gridley, as trustee, the gas plant and other property in the City of Bloomington. The will provided that the trustee should operate the gas plant and out of the profits thereon retain as full compensation for his services as trustee and also as a bequest to him of a part of the estate one-fourth of the net income; that one-third of such net income be

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

paid to the testator's wife during her life, and the remainder divided equally among three of his children, Albert W., Juliet and Mary; that in case Edward B. Gridley should not act as trustee, then a new trustee should be appointed and receive a reasonable compensation for his services to be fixed by the court, and thereafter Edward B. Gridley should share equally with the testator's children the remainder of such net income after the payments above provided to the widow; that in the event of the death of the widow her distributive share of such net income should be equally divided among such of the testator's children as may survive her or the issue of any children who may have died before the widow, the issue to take the share which would have belonged to the parent, and that at the end of twenty-one years after the death of the widow the trusts created should cease and be determined, and thereupon the property should descend to and become the property of the heirs of the body of the testator then living to be shared and divided among them according to the laws of the State of Illinois, then in force, regulating the descent of real estate.

By a codicil to the will the share of Juliet Shonrock was revoked and her share given to the other children, and it was provided that at the death of the widow the income should be divided among the other children, and at the end of twenty-one years the property should be divided among the heirs of the body of the testator except his daughter Juliet.

In the year 1899 a bill was filed in the circuit court of McLean county setting forth the advisability of selling the gas plant. A decree was rendered authorizing the trustee to sell the gas plant and directing that the proceeds derived from such sale be held in place of the property by the trustee subject to the same directions mentioned in the will. The trustee sold the property for $20,000, and the sale was ap-

proved by the court. The order approving the report of such sale directed the trustee to deliver a deed to the purchaser and hold the proceeds of the sale subject to the further execution of the trust under the directions of the court.

Without any order of court, the trustee on October 1, 1899 (the next day after receiving the money), distributed it as follows: To Mary A. E. Gridley, the testator's widow, $5,000; to Mary Gridley Bell, $5,000; to himself, Edward B. Gridley, $5,000; to N. J. Aldrich, guardian of Logan A. Gridley, $5,000.

After the death of the trustee, Edward B. Gridley, on January 7, 1914, Logan A. Gridley was appointed, by the McLean county circuit court, successor in trust under the will of Asahel Gridley. Logan A. Gridley as such trustee filed a petition in said circuit court directing the court's attention to the foregoing facts, and prayed the court to direct him as to what action he should take. Upon that petition the court ordered him to bring a suit against the estate of Edward B. Gridley for the amount of the proceeds of the sale made in 1899 under the decree then rendered, and ordered that when he obtained judgment against the said estate to file a creditor's bill against John H. Wood to set aside a fraudulent conveyance made by Edward B. Gridley of all of his real estate to John H. Wood. *People's Bank v. Wood,* 207 Ill. App. 602.

Thereupon Logan A. Gridley brought an action at law against John H. Wood, executor of the will of Edward B. Gridley, deceased, to recover the amount of said trust fund. John H. Wood, as such executor, then filed a bill for an injunction against Logan A. Gridley, trustee, and others, seeking to enjoin the prosecution of the common-law suit. The bill was answered by Logan A. Gridley, trustee, who filed a cross-bill praying for a decree against John H. Wood, executor, for the $5,000 retained by Edward B. Gridley and for one-fourth of the $5,000 paid to Mary A.

E. Gridley, and afterwards inherited by Edward B. Gridley from Mary A. E. Gridley. A decree was entered in favor of Logan A. Gridley, trustee, on his cross-bill for the sum of $6,250. John H. Wood, executor, has sued out this writ of error, and argues that the decree is erroneous for the reason that it was a family settlement; that there was a merger and that the defendant in error, Logan A. Gridley, as trustee, is estopped from maintaining this suit and has no title under which he could maintain a suit.

The plaintiff in error suggests that on the death of Edward B. Gridley the title to the trust estate passed to the heirs of the deceased trustee. As a general rule this is correct. (*Lawrence v. Lawrence,* 181 Ill. 248, 252). But the fifteenth clause of the will of Asahel Gridley provides that "if from any cause said Edward B. Gridley shall not act or shall cease to act as trustee as aforesaid taking charge of and managing said gas works, then a new trustee and manager shall be appointed in his place, who shall receive a reasonable compensation for his services, to be fixed by the court appointing such new trustee." In *Yates v. Yates,* 255 Ill. 66, 70, the court said: "The creator of a trust has full power to provide for the appointment of a successor or successors in trust in case the original trustee refuses to act, dies or is removed by a court of competent jurisdiction. (39 Cyc. 271, and cases cited; 1 Perry on Trusts, 6th Ed., sec. 287, and note.) If no provision is made by him for the appointment of a new trustee, the appointment by a court of chancery does not confer title to the real estate upon the appointee (*West v. Fitz,* 109 Ill. 425, 441-443), but if the substitution of a new trustee is provided for by the author of the trust, either by naming the person to be substituted or by giving the power of appointment to another, when the provision for succession is duly followed the substituted trustee takes under the will and derives the power to act

from the act of the testator. (*Leman v. Sherman,* 117 Ill. 657; *Lake v. Brown,* 116 Ill. 83; 29 Cyc. 271.) Upon the appointment being made under the power, the new trustee becomes vested, *ipso facto,* with the title to the trust premises and is clothed with the same power as if he had been originally named in the will. No conveyance need be made to him by the former trustee, or by the former trustee's heirs or representatives, if he be dead. (*Craft v. Indiana, D. & W. Ry. Co.,* 166 Ill. 580; *Reichert v. Missouri & I. Coal Co.,* 231 Ill. 238; *Edwards v. Edwards,* 22 Ill. 121; 39 Cyc. 312, and cases cited.)''

There was no merger of the legal and equitable estates in this case for several reasons. The trust is active, not passive, and therefore the Statute of Uses did not execute it and there was no merger. (*Lord v. Comstock,* 240 Ill. 492, 503; *McFall v. Kirkpatrick,* 236 Ill. 281, 294.) The beneficiaries are indefinite and contingent until the expiration of twenty-one years after the death of Mary A. E. Gridley and for that reason too the Statute of Uses did not operate so as to execute the trust and there was no merger. (*Silverman v. Kristufek,* 162 Ill. 222, 229.) Nor does the fact that one of the beneficiaries is the trustee bring about a merger or defeat the trust. *Summers v. Higley,* 191 Ill. 193, 196; *Burbach v. Burbach,* 217 Ill. 547, 550.

The fifteenth clause of the will of Asahel Gridley provides that ''at the end of twenty-one years after the death of my wife, and not sooner, the trusts by this paragraph created shall cease and be determined together with the covenants and distributions herein provided for and thereupon said real estate, gas works, franchise, street mains and all property pertaining thereto, and all improvements and extensions thereof shall descend to and become the property of the heirs of my body then living, to be shared and divided amongst them according to the laws of the State of

Illinois, then in force regulating the descent of real estate.'' The distributive interests in the fund were, under the will, contingent. (*Anderson v. Williams,* 262 Ill. 308, 315; *Stevenson v. Stevenson,* 205 Ill. App. 15, 19.) ''Where all the parties interested in the trust fund are *sui juris* they may consent to a termination of the trust and distribution of the fund (2 Perry on Trusts, sec. 920), but this rule has never been applied where there are contingent interests in the trust which cannot be determined until the happening of certain events or where the interests of minors are involved.'' *Anderson v. Williams, supra.* It therefore follows that the acts and conduct of the persons to whom the money was paid, their interest being contingent, could not work an estoppel that would defeat the trust. On the other hand the trustee could not make any admission that would estop him from performing his duty as trustee. *Bragg v. Geddes,* 93 Ill. 39, 58; *Unity Co. v. Equitable Trust Co.,* 204 Ill. 595, 600.

The fact that family settlements are favorites of the law in nowise changes the rules of law applicable to this case. The trust created by the will of Asahel Gridley must be controlled by the law applicable to trusts, and a family settlement could not change it. This is not a case for the application of any of the rules pertaining to family settlements.

The authorities cited on the question of a conditional decree show that a decree may be conditional, but have no bearing on the question of whether this decree should be conditional. The distribution of the fund on October 1, 1899, by Edward B. Gridley, was clearly wrong. No good reason is shown why his estate should not repay the part it has enjoyed by the illegal distribution. His estate should not be allowed to profit by his breach of trust. It is no concern of the court to protect a defaulting trustee from loss. Losses usually follow breaches of trust.

The decree entered in this case is right and must be affirmed.

*Decree affirmed.*