AURORA NATIONAL BANK *et al.*, Plaintiffs-Appellants, *v.* OLD SECOND NATIONAL BANK, Ex'r under the Will of Edna D. Davidson, Deceased, *et al.*, Defendants-Appellees.

Second District   No. 77-222

Opinion filed April 21, 1978.

Lloyd J. Tyler, of Tyler, Peskind & Solomon, of Aurora, for appellants.

Stephen J. Mrkvicka, of Matthews, Dean, Eichmeier, Goodin & Mrkvicka and Eugene G. Griffin, of Murphy, Griffin & Dixon, both of Aurora, for appellees.

Mr. JUSTICE GUILD delivered the opinion of the court:

Glenn Davidson executed a will on March 20, 1960, and died on September 26, 1964. The will named his wife, Edna D. Davidson, and his son, Glenn G. Davidson, as co-executors and was probated in the Probate Court of Kane County by the co-executors named. Under the provisions of that will the Aurora National Bank and Glenn G. Davidson acted as co-trustees of the marital trust. They, in turn, have filed the instant declaratory judgment action to construe the provision of the Glenn Davidson will, hereinafter set forth, and also the subsequent will of Edna D. Davidson. Named as defendants in this suit were the executor and all beneficiaries under the will of Edna D. Davidson.

Certain appellees have filed a motion to dismiss the appeal herein on the grounds that the co-trustees, as stakeholders, are merely seeking direction of the court, and as such, they should not be allowed to appeal merely because they disagree with the findings of the trial court. We have ordered this motion taken with the case.

We find that this issue is determined by *In re Estate of Gerbing* (1975), 61 Ill. 2d 503, 337 N.E.2d 29. In that case suit was brought for construction of the will therein by the executor in his capacity as executor and individually as a legatee or devisee. The executor then individually appealed from the finding of the trial court. The supreme court found that as an executor desiring a correct decision in the case he would have the right to perfect an appeal for the purpose of securing a proper construction of the will. However, the appeal in *Gerbing* was brought by the appellant in his individual capacity only. The court, while observing that the better procedure would be for him to have been temporarily replaced as executor until the conflicting issues were resolved, nonetheless went on to hold that as he had appealed individually, he had the right to have the decision of the trial court passed upon by a court of review.

The appellant, co-trustee Glenn G. Davidson, in the case before us

has not appealed as an individual. Under these circumstances, having an interest personally, but theoretically appearing as co-trustee only seeking declaratory relief, his postion is fraught with conflicts of interest. The complaint herein seeks construction of the Glenn Davidson will and Glenn G. Davidson is one of the two beneficiaries in that will. As such he is more properly a party defendant than plaintiff, as is evidenced in that part of the complaint seeking construction of the Edna D. Davidson will, where all the beneficiaries are in fact made parties defendant. We, therefore, find that the motion for the dismissal of the appeal as to the co-trustee Glenn G. Davidson should be granted. However, this does not affect our right and duty to pass upon the appeal properly filed by the other co-trustee, the Aurora National Bank.

While there are other issues raised in this appeal, the basic issue presented in this declaratory judgment action is the interpretation of paragraph Fifth (A) of the will of Glenn Davidson which, in pertinent part, reads as follows:

"FIFTH: I give, devise and bequeath to my wife, EDNA D. DAVIDSON, and to my Son, GLENN G. DAVIDSON, as Co-Trustees, in trust nevertheless, One-half of my adjusted gross estate as may be determined by the Federal Tax Authority, less any joint-tenancy property, any life insurance, and any other property directly bequeathed to her under Paragraph Third and Fourth hereof, which may be included in said gross estate; such Trust to be known as my Marital Trust, for the following uses and purposes:

(A) To pay the net income of the trust, at least annually, to my Wife, EDNA D. DAVIDSON, so long as she shall live, at which time the principal of this trust shall be paid to such person, or persons, as she may by Last Will and Testament appoint; or if she make no appointment, then after her death, to my Son, GLENN G. DAVIDSON; and in case of his death prior to the death of my Wife, and she shall make no appointment, the principal shall be paid to his surviving descendants then living * * *."

Primarily, the question presented is the interpretation of this provision which sets up a marital trust for Glenn Davidson's wife Edna as long as she shall live, and then provides "at which time" the principal shall be paid to such persons "as she may by Last Will and Testament appoint." Edna Davidson, recognized this power of appointment in her last will and testament, executed on July 10, 1968, wherein she distributed the proceeds of the marital trust to various people with the residue over, if any, to the residuary beneficiary, Rev. Roy W. Lundquist. Mrs. Davidson died on October 31, 1974. The trial court found that the true and proper construction of the Glenn Davidson will was,

"* * * to pay the net income of the trust, at least annually, to my wife, Edna D. Davidson, so long as she shall live, *and at her death*, the principal of this trust shall be paid to such person or persons as she may by Last Will and Testament appoint." (Emphasis added.)

In addition, the court found that the aforesaid power of appointment was validly exercised by Edna D. Davidson under her last will and testament and that the said power of appointment, whereby she distributed the marital trust assets, was effective as of the date of her death. The court further found that by reason of the manner in which she exercised the power of appointment, there was a merger of her assets with those over which she had power of appointment, and the latter, therefore, were probate assets of her estate.

The Aurora National Bank, as co-trustee under the marital trust, created by the will of Glenn Davidson, contends: (1) that the court erred in construing the words "at which time" in paragraph Fifth of Glenn Davidson's will to mean "and at her death"; (2) that the court erred in holding that the Glenn Davidson assets were probate assets in the Edna D. Davidson estate; (3) that the court erred in holding that the bequest to one Catherine Herrs in the sum of $5000 lapsed due to her death and therefore passed under the residuary clause of the Edna D. Davidson will to the residuary beneficiary, Roy W. Lundquist; and (4) that the court erred in ordering an accounting by the Aurora National Bank and Glenn G. Davidson, co-trustees of the marital trust created by the will of Glenn Davidson.

At the outset it is to be noted that this error of the scrivenor may well be the omission of the words "and upon her death" prior to the words "at which time the principal of this trust shall be paid to such person, or persons, as she may * * * appoint." The co-trustee argues that it may well be that Glenn Davidson, the father and husband, "designed that his wife Edna's efforts to pass his property by her appointments would fail, and that his son Glenn G. Davidson would then attain the rest of his father's estate." (It is to be noted that Glenn G. Davidson is a stepson of Edna Davidson.) This is a strained contention at best.

In paragraph Sixth of his will, Glenn Davidson set up a "residuary trust" whereby Edna Davidson and Glenn G. Davidson, the co-trustees, were "to pay the net income of the trust, at least annually, to my wife, Edna D. Davidson, so long as she shall live, *at which time* the principal of this trust shall be paid to my son, Glenn G. Davidson * * *." It can thus be seen that Glenn Davidson used the same wording which is attacked in this suit in the other portion of the will which the co-trustee apparently assumes is valid. Further, as pointed out by the appellees herein, Glenn G. Davidson, as co-executor of the Glenn Davidson will, took advantage of the marital

deduction provisions of the Internal Revenue Code. (26 U.S.C.A. §2056 (1967).) Specifically, section 2056(b)(5) provides that for a marital trust to constitute a marital deduction for the purposes of Federal estate tax it must be that the

> "* * * surviving spouse is entitled for life to all of the income from the entire interest * * *.
>
> * * *
>
> This paragraph shall apply only if such power in the surviving spouse to appoint the entire interest, or such specific portion thereof, whether exercisable by will or during life, is exercisable by such spouse alone and in all events."

By taking advantage of this Federal estate tax deduction the residuary trust assets of this estate were substantially increased, as paragraph Second of the Glenn Davidson will specifically provided that the executors were to pay out of the residuary estate all estate and inheritance taxes. It would appear, therefore, that Glenn G. Davidson, by taking advantage of this marital deduction tax saving, acknowledged the existence of the general power of appointment in the person of Edna D. Davidson under paragraph Fifth (A) of Glenn Davidson's will. The appellees herein contend that this amounts to an estoppel on the part of Glenn G. Davidson but a determination of this argument is not necessary for our decision herein.

■■ It is patent that the intent of Glenn Davidson, the testator, upon an examination of his will as a whole, was that the marital trust should, upon his wife's death, descend to such beneficiaries as she might designate in her will. To hold otherwise would make this paragraph meaningless, vague and with no legal effect. The same would be true of paragraph Sixth (A) of Glenn Davidson's will setting up the residuary trust under the same terminology whereby the son, Glenn G. Davidson, acquired the one-half interest in this estate.

As to this issue, we affirm the trial court in its interpretation of paragraph Fifth (A) of the Glenn Davidson will, finding that the power of appointment was to be effective at the death of Edna D. Davidson and properly exercised by her.

We next consider the contention of the appellant that the trial court was in error in finding that there was a commingling of the power of appointment assets with the other assets of the Edna D. Davidson estate.

■■ The general rule is that the appointees under an exercised power of appointment take from the donor and not from the donee and the appointive property does not become a part of the donee's estate for purposes of administration but passes directly from the trustee to the appointees. There is an exception to this rule where the donee commingles, or merges the property subject to the power of appointment

with that of his own estate. The question as to whether there has been a commingling so as to make the appointive property a part of the donee's estate must be determined by examination of the will as a whole. In the case before us, Edna Davidson's will provides that the executor "＊ ＊ ＊ first pay out of the assets of my estate, all my just debts, funeral expenses and costs and expenses of the administration of my estate ＊ ＊ ＊." She then, in paragraph Second of her will, exercises her power of appointment. This issue was passed upon squarely by the supreme court in *In re Estate of Breault* (1963), 29 Ill. 2d 165, 176, 193 N.E.2d 824, 831, where the court stated, in quoting with approval from *In re Hagen's Estate*, 285 Pa. 326, 331, 132 A. 175, 176:

> " '＊ ＊ ＊ the real test under our line of decision is whether the testator has *treated the two estates as one for all purposes* and manifested an intent to commingle them generally.' (Emphasis supplied.)" (29 Ill. 2d 165, 176, 193 N.E.2d 824, 831.)

The supreme court then went on to hold,

> "Quite obviously, that test cannot be met here, for Oscar, by the first two paragraphs of his will directed the payment of debts and taxes before any attempt at blending or commingling occurred. Under the circumstances there cannot be said to have been the blending *for all purposes* needed to imply the intent to appoint to his own estate." 29 Ill. 2d 165, 177, 193 N.E.2d 824, 831.

The same rule is found in 2 James, Illinois Probate Law and Practice §43.53(s), at 18 (1975 Supp.), where the author stated this proposition as follows:

> "When the will directs payment of debts, expenses and taxes before making mention of appointive property, or before any attempt occurs at combining owned and appointive property, no intention to blend the two estates will be implied."

And that is the situation before us. The contention of one of the appellees herein that this rule is different in the *Breault* case because the power of appointment was to certain trustees is not determinative of the issue. We likewise reject the contention that Edna D. Davidson's gift of the power of appointment assets to her executor can be said to constitute a sufficient intent to commingle when the other provisions of her will indicate no such intent. We therefore find that *Breault* is dispositive of this issue. There being no effective commingling or blending of the power of appointment assets with her own assets, under the above reasoning, the appointees under the Edna D. Davidson will, take directly from the donor, Glenn Davidson. Those assets are not subject to probate under the Edna D. Davidson will. In this, the finding of the trial court that the two were commingled and subject to probate in the Edna Davidson estate is in error and that portion of the decree of the trial court is reversed.

Edna D. Davidson, in the exercise of her power of appointment,

bequeathed the sum of $5000 to Catherine Herrs, "if she survives me." Catherine Herrs predeceased Edna Davidson. The trial court decreed that this "lapsed" appointment passed under the third paragraph of the Edna D. Davidson will to the residuary legatee. Plaintiff, Aurora National Bank, contends that this "lapsed appointment" does not go to the residuary beneficiary of the Edna Davidson will but passed to the plaintiff Glenn G. Davidson under the provision of his father's will that if "she make no appointment, then after her death, to my son Glenn G. Davidson." Counsel for the residuary legatee contends that this is a "lapsed legacy," not a lapsed appointment and under the provisions of section 49 of the Probate Act (Ill. Rev. Stat. 1973, ch. 3, par. 49), this bequest shall pass as part of the residue under the Edna Davidson will. Counsel for appellee, the Old Second National Bank, asserts that this question is determined by the findings in *Bradford v. Andrew* (1923), 308 Ill. 458, 139 N.E. 922, where the court found a commingling of the testator's property with that over which she had power of appointment, and that the property descended as her own property to her heirs. We do not agree with any of these contentions.

■■ Examination of the cases in Illinois dealing with "lapsed legacies" are, at best, confusing. In general, Black's Law Dictionary 1038 (4th ed. 1968), defines a "lapsed legacy" as follows:

> "Where the legatee dies before the testator, or before the legacy is payable, the bequest is said to *lapse,* as it then falls into the residuary fund of the estate."

There is a distinction between the technical meaning of a lapsed legacy and the popular use of the term as quoted above. It is certainly true that a legacy lapses if the legatee dies before the testator, provided no contingency modifies the legacy. But, where the will provides that the legacy shall be paid to a legatee "if she survives me," it is a specific requirement for the legacy to vest. If those words were not used, obviously the legacy would fall into the residue. But where the requirement of survival is a part of the legacy, the legacy *fails*, it does not lapse. It would appear that the courts have been loosely using the term "lapse" to cover both legacies that do in fact lapse and those which fail because of noncompliance with a condition precedent. However, it has been held by our supreme court that:

> "There is no lapse if the will provides a gift over to a second devisee or legatee after the death of the first." (*Elliott v. Brintlinger* (1941), 376 Ill. 147, 151, 33 N.E.2d 199, 201.)

See also 80 Am. Jur. 2d *Wills* §1685 (1975); Annot., 63 A.L.R.2d 1172, 1186-87 (1959); 2 Ill. Law §15—288 (1971).

We find a similar survivorship situation in *Stevenson v. Stevenson* (1917), 205 Ill. App. 15, 19, where the contingency in the will was:

"Provided they are living at the time of the death of my wife."
In that case there was a life estate in testator's wife and bequests to certain nephews and nieces. The court held that the vesting of the legacies was contingent and deferred to the death of the wife and that:

"The postponement was clearly not for the benefit of the life tenant, but was for the benefit of the residuary legatee whose legacy would be increased by death of any of the nephews and nieces named before the death of the wife of the testator." 205 Ill. App. 15, 21.

■■ In the case before us the condition precedent was that Catherine Herrs survive the testatrix. If she did not so survive, the legacy did not lapse, it failed or became inoperative. Therefore, it is neither a lapsed appointment nor is it a lapsed legacy governed by the provisions of section 49 of the Probate Act. Under paragraph Second of the Edna D. Davidson will, the surplus, if any, of the assets bequeathed under the power of appointment is to be distributed to the residuary beneficiary of her will.

■■ We turn next to the contention of the appellant that the court exceeded its authority when it ordered the co-trustees to file an accounting of the marital trust assets held by them from October 31, 1974, to the date of the trial court's decree. We are somewhat nonplussed as to why the co-trustees are reluctant to furnish the trial court with such an accounting.

The co-trustees in their complaint were seeking directions from the court. In paragraph 12 of count II of the complaint they aver that:

"The Old Second National Bank, as Executor of the Will of Edna D. Davidson, has requested that the subject matter of the Marital Trust be turned over to it for administration a copy of said request being attached hereto as Exhibit "C" and incorporated herein by reference."

Exhibit "C", among other things, states that the Aurora National Bank has provided the Old Second National Bank with an inventory of the assets held by the Aurora National Bank as of November 30, 1974. Exhibit "C" contains the further request,

"As some time has passed since that listing, we would appreciate your forwarding an inventory reflecting the latest holdings with values."

We consider this a direct request by the Old Second National Bank for what is equivalent to an accounting. Appellant Aurora National Bank included this in its complaint, stating,

"The plaintiffs request instruction as to that request."

The court did so instruct in its decree—it ordered the appellant to file such an accounting. The cases cited by appellant to the effect that a court may

not order an accounting of a trustee, unless the same has been requested by a party entitled to the same, are not in point. Certainly the trial court, after its determination that the assets of the marital trust should be turned over to the executor of the Edna D. Davidson will, had the equitable power to require a statement as to those assets. Nor is there any difference in this court's opinion, as a result of our holding that the assets are not a part of Edna D. Davidson's probate estate. The co-trustees have petitioned the court for directions as to the assets. The court has not only the right but the duty to see that the beneficiaries of the assets by exercise of the power of appointment receive the same under a proper accounting by the co-trustees.

For the reasons heretofore stated, this court finds that:

The motion of the appellees herein is granted and the appeal of Glenn G. Davidson, as co-trustee, is dismissed.

The portion of the declaratory judgment decree finding that the assets of the Glenn Davidson estate, subject to the power of appointment of Edna, were commingled with and subject to probate in the estate of Edna D. Davidson, is reversed.

In all other respects, the decree of the trial court is affirmed.

Dismissed in part, reversed in part and affirmed in part.

RECHENMACHER and WOODWARD, JJ., concur.